## CLEMENT *vs.* NELSON, ADM'R.

[APPEAL FROM DECREE OF PROBATE COURT REJECTING CLAIM AGAINST INSOLVENT ESTATE.]

1. *Insolvent estate, claim against; how must be filed.*—A claim against an estate which has been declared insolvent must be filed in the office of the judge of probate *after* the estate is so declared insolvent, within the time and in the manner required by the statute, or the same will be barred forever.—Rev. Code, § 2196, 2200, 2201.
2. *Same; what filing not sufficient to prevent claim being barred.*—A filing *before* the declaration of insolvency under § 2241 of the Revised Code is not sufficient to save the claim from the bar on a proceeding of insolvency, but only from the bar of non-presentation, or non-claim. Rev. Code, § 2241.

APPEAL from Probate Court of Dallas.
Tried before HON. JOHN F. CONOLEY.

This was an appeal from the decree of the probate court rejecting certain claims against the insolvent estate of N. J. Ogletree, on a partial settlement and distribution thereof.

On the 12th day of December, 1868, appellant filed her claim, which was properly verified, (which had been previously presented to the administrator), in the office of the judge of probate. It was duly marked, filed, and endorsed by the probate judge, and entered upon the docket of claims against estates, &c. This claim was the only one filed in the probate court against said estate, up to the time it was declared insolvent, on the 8th day of March,

1869. The claim was not filed again after the declaration of insolvency, or in any way brought to the attention of the court, or any one connected with the estate, but remained in the office of the probate judge as it had been filed, until the day set for the hearing, &c., which was more than nine months from the time the estate was declared insolvent, when it was brought to the attention of the court by the objections filed by the administrator. When the administrator went to the probate office, more than nine months after the declaration of insolvency, and before the time appointed for the partial settlement, to file objections to such claims as he thought proper, he found appellant's claim in a package together with ten claims which had been properly filed, after the declaration of insolvency. He then separated this claim from the others, filed objections to it, and returned it to a "pigeon-hole" in a package with the other claims, and it so remained until the day set for the hearing.

This being all the evidence, the court, on motion of the administrator, rejected the claim, on the ground that it had not been filed in the office of the probate judge within nine months after the declaration of insolvency, and appellant duly excepted.

PETTUS & DAWSON, for appellant.—We have not seen any case in which this identical point which here arises has been decided. The appellee insists that though the claim was on file and regularly docketed from the day the estate was declared insolvent to the day of settlement, it was not *placed on the file* after the declaration of insolvency. In construing a statute, the court does not confine its consideration to the mere letter, but looks also to the "reason of the rule," and the intent of the law-maker. In the act requiring claims to be filed within nine months after decree of insolvency, the intention was to give all parties interested an early opportunity of examining and contesting all claims. Here the claim was *on file* and *on the docket of claims* against that estate during all the time allowed for filing claims. No one could have examined the file or docket

without noticing this claim. Can the law require the use-less formality of taking this claim off the file, and again putting it back on the file? Or of taking it off the docket where it was regularly docketed, and putting it on again?

But it is said that this claim was not called to the atten-tion of the judge *after* the estate was declared insolvent. The claim was in his custody, " *filed* " by him, and it was *by the judge* placed on the docket of claims against this estate, with the name of the claimant, the date, amount, and nature of the claim, and it so continued in the custody of the judge and on the docket during *all* of the nine months.

The spirit and meaning of the law seems to be, that per-sons having claims against insolvent estates shall be al-lowed all the time from the grant of letters until nine months after the declaration of insolvency, to file their claims, but no more.

If the court will consider the meaning of the word " *within,*" as used in this statute, it is obviously intended to operate merely as a statute of limitation, and limits the time *beyond* which claims shall not be filed. The appellee would limit the meaning of the word "within" to its most literal and limited sense. Mr. Webster's first definition of this word is : " In the inner part " ; his second definition is : " In the limit or compass of, *not beyond,* used of place and time " ; his fifth definition is : " Not later than." The first or primitive meaning would not make any sense in this statute. But " not beyond," " not later than," clearly defines the intent of the law-makers, which was to fix a time after which claims could not be filed. By one statute of limitations, an action must be brought *within* six years *after* a note falls due. This does not mean that it may not be brought before the note is due, for in many cases, as in attachments, suit may be commenced before the note is due.

JOHNSTON & NELSON, *contra.*—What is it to " *file* " a claim, within the meaning of § 2196 of the Revised Code ?
" *Filum,* file ; a thread, string or wire upon which writs

and other exhibits in courts and offices are fastened or *'filed'* for more safe keeping and ready reference."—Burns' Law Dictionary; Bouvier's Law Dictionary; Jacobs' Law Dictionary; *Philips et al. v. Beene,* 38 Ala. 251.

" The origin of the term *'filed'* indicates very clearly that the filing of a paper can only be effected by bringing it to the notice of the officer who anciently put it upon the *"* string " or " wire." Accordingly, we find that ' filing ' a paper is now understood to consist in placing it in the proper official custody on the part of the party charged with the duty of filing the paper, and the making the appropriate endorsement by the officer."—*Phillips, Goldsby & Blevins v. Beene,* 38 Ala. 251.

" A paper is said to be 'filed' when it is delivered to the proper officer, and by him *received* to be kept on ' file.' "—Bouvier's Law Dictionary.

When must a claim be " filed " against an insolvent estate?

The statute says : " *Within nine months after* the declaration or after the claim accrues."

If a filing *before* the declaration is good, so would a filing be good that was made *before* the claim accrues. The word *after,* in both places where it occurs in said section, means *after,* and there is no room for construction.

Before the court can allow this claim, it will have to add to the section by construction, and make it read thus : *"* Every person having any claim against the estate declared insolvent must file the same in the office of the probate judge within nine months after such declaration, or after the same accrues, *unless such claim has been filed in the office of the probate judge before such declaration."*

Can the court insert in the section the words that are *italicised ?*

It is said the claim was in the judge's office continuously from Dec. 12, 1868, and was therefore filed after the declaration.

But this cannot be so, if the definition of filing, above given, is correct.

This claim was placed in the official custody of the judge

but *once*, and that was *before* the declaration of insolvency ; and that for the purpose of *presentation* under § 2241 of the Code ; or, if not for that purpose, for no purpose ; whereas, the statute requires that it shall be placed in the official custody of the judge "*after such declaration,*" so that the judge, the administrator, and the creditors may know that it is insisted on as a claim against the *insolvent estate.*

Special attention is invited to the case of *Phillips, Goldsby & Blevins v. Beene*, 38 Ala. 248.

In that case the affidavit to a claim was placed in the office of the probate judge within the proper time, yet the court held that the affidvit was not filed, because it was not called to the attention of the judge or his clerk until after the nine months had expired.

The court remarked, " the authorities show conclusively, that a paper not brought to the notice of the proper officer, and placed in his custody, can not be said to be filed.

It is said that our own court has decided that an affidavit made before the declaration of insolvency is good as a verification of a claim. That is true ; but the decision will not support the argument drawn from it, that a filing before the declaration is good. On the contrary, that decision is fatal to the argument.

In *Norville v. Williams*, 35 Ala. 551, the affidavit was made after the death of the intestate, but before the declaration of insolvency. The court held the affidavit good, and in stating the reasons that led to that conclusion, this one was given :

" 1. The statute is silent when the verification shall take place. Its language is, ' verified by the oath of the claimant or some other person who knows the correctness of the claim, and that the same is due.'

" That decision is right. The time of verifying the claim is not limited in the statute. But the statute does limit in express terms, the filing of the claim. It says, ' the claim must be filed within nine months after such declaration.' "

The silence of the statute, as to when the verification

shall take place, makes more explicit and more emphatic, the time when the " filing" shall take place

PETERS, J.—This case involves a construction of section 2196 of the Revised Code. That section is in these words : " Every person having any claim against the estate declared insolvent, must file the same in the office of the judge of· probate, within nine months after such declaration, or after the same accrues, verified by the oath of the claimant, or some other person, who knows the correctness of the claim and that the same is due, or it is barred forever ; but when a claim is filed by an executor or administrator, guardian or other trustee, it may be verified by affidavit of such executor, administrator, guardian or trustee ; that he believes the claim to be just, due and unpaid ; and in all cases where a claim is verified under this section within the time prescribed, if the verification is defective or insufficient, the defect or insufficiency may be supplied by amendment or proof, at any time before final decree." Rev. Code, § 2196. It is also directed that " the judge of probate must, when required, give a receipt for such claim to the claimant, his agent, or attorney, and must endorse on the claim the day when the same was filed and sign his name thereto. And " such judge must keep a docket of all the claims thus filed, which must be at all times during office hours, subject to the inspection of the administrator and creditors of the estate."—Revised Code, §§ 2200, 2201. These sections of the Revised Code constitute a peculiar system for the settlement and distribution of insolvent estates. What they require must be done or the claim will be barred. That is, it can not be enforced against the estate. Here the claim in controversy was not filed or docketed under this chapter of the Code governing the " proceeding as to insolvent estates." But it was filed and docketed under section 2241 of the Revised Code. This latter section is in these words ; " The presentation may be made either to the executor or administrator, or by filing the claim or a statement thereof in the office of the judge of probate, in which letters were granted ;

in which case the same must be docketed with a note of the time of such presentation; and if required, a statement must be given by such judge, showing the time of presentation."—Revised Code, § 2241.

The claim under discussion was filed by Mrs. Clement, with a proper verification, in the office of the judge of probate on the 12th day of December, 1868. And the estate was declared insolvent on the 8th day of March, 1869. The claim could not then have been filed against an estate declared insolvent; because this was not the condition of this estate at that date. And as there are two statutes, the one allowing the claim to be filed before the insolvency in lieu of presentation to the administrator or executor, in order to save the demand from the bar of the statute of non-claim for failure to present the claim to the administrator or executor, and the other requiring a like filing after the declaration of insolvency in order to save the demand from the bar of non-claim on the proceedings in the insolvency, I feel constrained to hold that the two are different, and that the one was not intended to take the place of the other in either case. It follows from this construction that, the filing in this instance was not sufficient to save the claim from the bar of the statute of non-claim in case of a declaration of insolvency. In this latter instance, the claim must be filed after the declaration of insolvency, as required by the statute, or it will be barred for ever.

The judgment of the court below is in conformity with this construction, and is therefore affirmed at appellant's costs.