# Levert, Ex'trx, *v.* Read, Ex'or, *et al.*

### Settlement of Insolvent Estate.

1.  *Filing of claim; what sufficient.*—A claim duly verified, filed in the pro-
bate court against a decedent's estate, within proper time after the report, but
before the declaration of insolvency, need not be again filed afterwards, to save
it from the bar of the statute of non claim under § 2196 of Revised Code.
. 2.  *Case overruled.*—The case of *Clements v. Nelson,* 46 Ala. 634, overruled so
far as it conflicts with the decision in this case.

APPEAL from Madison Probate Court.

This is an appeal by appellant, Levert, from an order of
the probate court rejecting and denying a claim held by her
against the insolvent estate of John Read, deceased.

Letters testamentary were granted to John B. Read upon
the estate of the deceased on the 26th day of April, 1861.
On the 18th day of September, 1866, Francis J. Levert,
appellant's testator, filed and registered in the probate judge's
office, a duly verified, claim against said estate, which had
been duly presented to the executor, on the 21st September,
1861. This filing was after the report, but before the declar-
ation of insolvency.

On a settlement and partial distribution of the estate, had

in the probate court on the 16th day of September, 1874, other creditors who had filed claims against the estate, objected to the allowance of appellant's claim, on the ground that it had not been filed in the court within nine months after the declaration of insolvency.

It was proved, in this connection, that "the claim had been in the office of the judge of probate, continuously from its filing on the 18th day of September, 1866, and had been transcribed in a book kept in the office of said judge of probate, entitled docket of insolvent claims, together with all other claims against said insolvent estate, and in which all claims filed against solvent estates were also registered, as well as claims against insolvent estates."

This being all the evidence, the court disallowed and rejected the claim, and Levert duly excepted.

BEIRNE, HUMES & GORDON, for appellant.

JAMES ROBINSON, *contra.*

STONE, J.—We are satisfied that Mrs. Levert, in filing the claim verified, as shown in this record, did so with a view to a compliance with the requirements of § 2196 of Revised Code. The claim was properly docketed as an insolvent claim—was placed among the other claims filed against the insolvent estate—and we think it should have been allowed.—*Norville v. Williams*, 35 Ala. 551. We approve and adopt the argument of appellant's counsel in *Clement v. Nelson*, 46 Ala. 634.

The case of *Clement v. Nelson*, 46 Ala. 634, so far as the same is in conflict with this opinion, is overruled.

Reversed and remanded.

The following is the argument referred to :

PETTUS & DAWSON, for appellant.—We have not seen any case in which this identical point which here arises has been decided. The appellee insists that though the claim was on file and regularly docketed from the day the estate was declared insolvent to the day of settlement, it was not *placed on file* after the declaration of insolvency. In construing a statute, the court does not confine its consideration to the mere letter, but looks also to the "reason of the rule," and the intent of the law-maker. In the act requiring claims to be filed within nine months after decree of insolvency, the intention was to give all parties interested an early opportunity of examining and contesting all claims. Here the claim was *on file* and *on the docket of claims* against that estate

during all the time allowed for filing claims. No one could have examined the file or docket without noticing this claim. Can the law require the useless formality of taking this claim off the file, and again putting it back on the file? Or of taking it off the docket, where it was regularly docketed, and putting it on again?

But it is said that this claim was not called to the attention of the judge *after* the estate was declared insolvent. The claim was in his custody, "*filed*" by him, and it was *by the judge* placed on the docket of claims against this estate, with the name of the claimant, the date, amount, and nature of the claim, and it so continued in the custody of the judge and on the docket during *all* of the nine months.

The spirit and meaning of the law seems to be, that persons having claims against insolvent estates shall be allowed all the time from the grant of letters until nine months after the declaration of insolvency, to file their claims, but no more.

If the court will consider the meaning of the word "*within*," as used in this statute, it is obviously intended to operate merely as a statute of limitation, and limits the time *beyond* which claims shall not be filed. The appellee would limit the meaning of the word "within" to its most literal and limited sense. Mr. Webster's first definition of this word is: "In the inner part"; his second definition is: "In the limit or compass of, *not beyond*, used of place and time"; his fifth definition is: "Not later than." The first or primitive meaning would not make any sense in this statute. But "not beyond," "not later than," clearly defines the intent of the law-makers, which was to fix a time after which claims could not be filed. By one statute of limitations, an action must be brought *within* six years *after* a note falls due. This does not mean that it may not be brought before the note is due, for in many cases, as in attachments, suit may be commenced before the note is due.