CHICAGO, SANTA FE AND CALIFORNIA RAILWAY
COMPANY, Appellant, v. REUBEN EUBANKS,.
Respondent.

Kansas City Court of Appeals, October 29, 1888-

Practice : CONDEMNATION PROCEEDINGS : REPORT OF COMMISSIONERS
 AND EXCEPTIONS TO : CONSTRUCTION OF SECTION 896, REVISED
 STATUTES. The statute relating to proceedings of condemnation
 for right of way, etc., (R. S., sec. 896) has the following as to the
 report of commissioners : " Upon the filing of such report
 of said commissioners, the clerk of the court, wherein
 the same is filed, shall duly notify the party whose property is
 affected of the filing thereof, and the report of said commissioners
 may be reviewed by the court in which the proceedings are had
 on written exceptions, filed by either party in the clerk's office
 within ten days after the service of the notice aforesaid." *Held*
 that the requirement of the statute is, that the exceptions should
 not be filed at a later period than ten days after service of the
 notice ; but not that the exceptions could not be filed until after the
 notice was served. Whether the exceptions are placed on file,
 before or after the service can make no difference.

*Appeal from Chariton Circuit Court.*—HON. G. D
          BURGESS, Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*Gardiner Lathrop* and *Kinley & Wallace*, for the
appellant.

(1) The requirement of the statute that exceptions
must be filed within ten days after the service of notice
upon the defendant of the filing of the commissioners'
report, fixes the limit of time beyond which exceptions
cannot be filed, and nothing more. It was really
intended to compel prompt action on the part of the

defendant, while giving him a reasonable time within which to file exceptions. It cannot, within any degree of fairness, be construed to mean that the railway company is obliged to wait until after the defendant is notified of the filing of the report before filing its exceptions thereto. Such a construction is strained and unreasonable. If excessive damages have been awarded, the wrong is done the railway company the moment the report of the commissioners is filed. Its right to except to that report accrues at that moment. It can file its exceptions at once, or it may wait, if it so desires, until just before the expiration of the ten days after the service of notice upon the defendant of the filing of the report. Longer than that, it cannot wait. The statute is one of limitation, beyond the time provided by which exceptions cannot be filed by either party. Either party, however, may file exceptions at any time after the report of the commissioners is lodged with the clerk officially. (2) The exceptions once filed, the law would hold to be re-filed, if necessary, after notice served upon the defendant, without a new endorsement by the clerk. They were lodged with him officially on the fourteenth day of June, 1887, and continued to be in his official custody during the entire period of ten days after defendant was served with notice of the filing of the commissioners' report. It would be a meaningless ceremony to require him to mark upon the exceptions a re-filing after such date. The law does not compel any such course by the clerk, nor does it impose upon the railway company the duty of withdrawing its exceptions from the office of the clerk, and tendering the same to him to be filed anew, after such service of notice, under penalty of having its exceptions disregarded. (3) The affidavit of the clerk shows that defendant had due notice of the filing of the exceptions, and that this notice was given within ten days after defendant was served with notice of the award. This act of the clerk in notifying defendant that exceptions had been filed had the effect of re-filing the exceptions. (4) The following authorities amply

sustain the positions which are here taken.    *Atherton,*
*Adm'r, v. Corliss, Ex'r,* 101 Mass. 40 ; *Young v. The
Orpheus,* 119 Mass. 179 ; *Levert, Ex'r, v. Read, Ex'r,*
54 Ala. 529.   In an argument of counsel in another
case, approved and adopted by the court in its opinion
in the *Levert case,* the following passage occurs :  " Mr.
Webster's first definition of this word ( within ) is :  ' In
the inner part ' ;  his second definition is :  ' In the limit
or compass of, not beyond, used of place and time ;' his
fifth definition is ' not later than.'   The first or primi-
tive meaning would not make any sense in this statute.
But ' not beyond,' ' not later than,' clearly defines the
intent of the law-makers, which was to fix a time after
which claims could not be filed."   The judgment ought
to be reversed and the cause remanded in order that a
hearing may be had upon the merits of the exceptions.
" When time is spoken of, any act is within the time
named that does not extend beyond it."   *Sanborn v.
Ins. Co.,* 16 Gray, 448, 455.

*Thos. Shackleford* and *Syd. B. Burks,* for the
respondent.

(1) In the condemnation of land for right of way
of a railroad, the powers possessed by a judge or court
in appointing commissioners, reviewing and setting
aside the report, etc., are purely statutory, and the
powers must be exercised at the time and in the manner
provided by the legislature.  *Gray v. Railroad,* 81 Mo.
125 ; *Railroad v. Campbell,* 62 Mo. 585 ; *St. Louis v.
Gleason,* 93 Mo. 33.  ( 2 ) Statutes giving the right of
eminent domain are not to be extended, but must be
strictly construed.   1 Wood's Railway Law, 643.   Stat-
utes giving the right of eminent domain must be by
unequivocal words and in pursuing it all prescribed
requirements must be strictly observed.   1 Wood's Rail-
way Law, 643, and note ; *Matter of the City of Buffalo,*
78 N. Y. 362 ; *Matter of Commissioners of Washing-
ton Park,* 52 N. Y. 131 ; *Van Wickle v. Railroad,* 3
N. J. Eq. 162 ; Mills on Eminent Domain, sec. 87.   The

condemning party must strictly follow the statute.
*Commissioners v. Humphrey*, 47 Ga. 565. ( 3 ) It seems
to be universally admitted that when the organic law of
the state does not prescribe the mode of procedure in
estimating land damages for the use of a railway com-
pany, it is competent for the legislature to prescribe the
mode, and that mode so prescribed, must be strictly fol-
lowed.    1 Redf. on Law of Railways, 285 ; *Bloodgood
v. Railroad*, 14 Wend. 51 ; 1 Redfield Am. Railway
Cases, 209.    ( 4 ) The law, requiring the notice of the
filing of the report as required by section 896, Laws
1879, p. 162, must be strictly pursued, and no review can
be had on written exceptions unless said exceptions are
filed within ten days after service of the notice.    There
is no jurisdiction in the circuit court to entertain
exceptions to the report until after notice served.
Therefore, the filing of the written exceptions before
notice served may be likened to the filing of answer
before a suit is commenced.    *Cruger. v. Railroad*, 12
N. Y. 190.    ( 5 ) It is a general rule in regard to all
summary and inferior jurisdictions that the basis of
this jurisdiction must appear upon the face of the pro-
ceedings.    Hence it is essential, in order to give juris-
diction to review, that this notice of report of commis-
sioners be given, and certainly an enquiry made by the
attorney of defendant as to whether a report had been
made is no waiver of the notice required by law.    1
Redfield on Railways, 377 ; *Ellis v. Railroad*, 51 Mo.
203 ; *Lind v. Clements*, 44 Mo. 540.    These grants being
in derogation of common-law right are to receive a
reasonably strict and guarded construction, and nothing
passes by implication.    1 Redfield Railways, 250 ;
*Bridge v. Bridge*, 11 Peters, 420 ; *United States v.
Aeredole*, 6 Peters, 691, 738 ; *Commonwealth v. Rail-
road*, 27 Pa. St. 339 ; *Bradley v. Railroad*, 21 Conn.
294.    See, also, as to strictness of the law in regard to
notice : 1 Redfield, 255 ; *Rutenberg v. Railroad*, 21
Pa. St. 100 ; *Williams v. Railroad*, 13 Conn. 110.
( 6 ) The appellant, in its brief, cites no case in which
land is attempted to be taken, *in invitum*, and cannot

have any application to the case at bar. ( 7·) The appellant cannot contend that defendant, either by himself or his attorney, waived any right he may have have had, by writing to know whether the award had been made, or exceptions filed. The act of the clerk in writing that exceptions were filed, could not have the effect of re-filing them, when, in fact, he did not re-file them, as the record shows. The case must stand or fall by the record.

ELLISON, P. J.—This is a proceeding by the railway company under the statute to condemn a right of way over and through the lands of the defendant in Chariton county, Missouri. The petition was filed on the twenty-first day of May, 1887, and is in the ordinary form. Due notice of the pendency of the petition was served upon the defendant, and on the fourth day of June, 1887, commissioners were appointed to assess his damages. Their report was filed in the office of the circuit clerk of Chariton county, on the ninth day of June, 1887, fixing his damages at sixteen hundred dollars. On the fourteenth day of June, 1887, notice to the defendant of the filing of the commissioners' report was issued by the circuit clerk, and served upon the defendant on the first day of July, 1887. On the fourteenth day of June, 1887, the railway company filed written exceptions to the report of the commissioners, "for the reason that said award of damages is excessive, and that the damages really sustained are far below those awarded by said commissioners." The exceptions concluded with a prayer for the appointment of a jury to assess the damages. At the October term of the Chariton circuit court, the defendant moved to strike out the exceptions filed by the plaintiff, "because said exceptions were not filed within the time required by the Revised Statutes of the state of Missouri." This motion was sustained by the court, and plaintiff appeals.

The only question in this case is the correctness of the action of the circuit court in striking out the exceptions filed by the railway company, without a hearing on

their merits, upon the ground that they were not filed within the time required by law. In the determination of that question, the proper construction of section 896 of the Revised Statutes is involved. So much of the section as is applicable to the point at issue reads as follows: "Upon the filing of such report of said commissioners, the clerk of the court wherein the same is filed shall duly notify the party whose property is affected of the filing thereof; and the report of said commissioners may be reviewed by the court in which the proceedings are had, on written exceptions, filed by either party in the clerk's office, within ten days after the service of the notice aforesaid."

The defendant seeks to sustain the judgment below by invoking the well-recognized principle of law, that the right of eminent domain can only be exercised in the strictest conformity to the statute granting the right; that the statute should receive a guarded construction and be in no wise extended beyond its legitimate meaning. Defendant assumes that the literal terms of the statute sustain the judgment of the trial court, and that to reverse it, we must avoid a strict construction.

The statute is, that in order for plaintiff to be heard on its exceptions, it must file them within ten days after service of notice of the filing of the report. The commissioners' report was filed on the ninth of June; on the fourteenth of June notice was issued to defendant, and on the same day plaintiff filed its exceptions, but the notice was not served on defendant until the first of July. On this state of facts defendant contends that the exceptions were not filed within ten days after service of the notice.

Taking the statute literally, the question would turn on the meaning of the word "within." The primary meaning is, "in the inner part or side of." Worcester gives as examples these: "Go, shut thyself within thy house." Ezek. 3:24. "That which is within the cup and platter." Matt. 23:26. This meaning is therefore not applicable, as I think, to the word as used in the

statute. The word is otherwise defined by both Worcester and Webster as, "not beyond"; and it is in this sense that it is used in the statute. The word "within" is not one of such preciseness as to have but one meaning, and in construing a statute, we must adopt that meaning always which has application to the subject.

The statute unquestionably meant that the exceptions should not be filed at a later period than ten days after service of notice. The expression, "after the service of the notice," was not intended to mean that the exceptions could not be filed till *after* the notice was served, but only as fixing a time when the ten days were to begin to run. I can see no reason in any other view. When the report of the commissioners is filed, either party, on inspection, can determine whether he wishes to except to its provisions. I can conceive of no reason or necessity in waiting till notice is served.

The meaning of the statute is, that the exceptions shall *be* on file within ten days after service of notice; whether they are *placed* on file before or after the service can make no difference. Statutes of other states, using substantially the language of ours, though not on the subject of eminent domain, have been construed by the courts of those states in harmony with the view we have taken. *Levert v. Read*, 54 Ala. 529; *Young v. Orpheus*, 119 Mass. 179; *Sanburn v. Ins. Co.*, 16 Gray, 455; *Allerton v. Corless*, 101 Mass. 40.

The judgment is reversed and the cause is remanded. All concur.