The State ex rel. Dunn vs. Bilder and another.

NEWMAN, J., took no part.

THE STATE EX REL. DUNN vs. BILDER and another.

*February 12 — March 5, 1895.*

*Criminal law: Jurisdiction of justices of the peace in Milwaukee.*

Sec. 13, subch. 20, ch. 184, Laws of 1874, as amended by sec. 57, ch. 324, Laws of 1882 (providing that justices of the peace elected in the city of Milwaukee "shall not have jurisdiction . . . in criminal cases *within the city* "), construed in connection with secs. 2499, 2501, S. & B. Ann. Stats. (which give the municipal court exclusive jurisdiction "in cases of crimes and misdemeanors *arising in said city* "), is *held* not to deprive such justices of jurisdiction of offenses committed outside of the city but within the county of Milwaukee.

CERTIORARI to review proceedings had before a court commissioner of Milwaukee county: HUGH RYAN, Commissioner. *Order reversed.*

At the times hereinafter mentioned, N. B. Neelen was a justice of the peace, elected in the city of Milwaukee, and residing and having an office therein. On July 23, 1894, one Paul Mittag made complaint on oath in writing, subscribed by him, to said justice, to the effect that July 19, 1894, the defendants, at the town of Wauwatosa in the county of Milwaukee, did overdrive, overwork, maim, wound, torture, torment, and wilfully, maliciously, and cruelly beat, one bay mare belonging to the said Mittag; and prayed that the said defendants might be arrested and dealt with

according to law. On July 23, 1894, the said justice issued his warrant, reciting the facts stated in said complaint, and therein commanded the sheriff or constable of said Milwaukee county forthwith to apprehend the said defendants and bring them before him to be dealt with according to law. On July 25, 1894, the said defendants were brought before the said justice, and for want of bail they were by him committed to jail. On the same day, upon the petition of Henry L. Buxton setting forth the facts stated, John F. Harper, Esq., a circuit court commissioner for Milwaukee county, granted a writ of *habeas corpus* in behalf of the defendants, and upon the return thereto, and a hearing thereon, the said defendants were remanded to the custody of said sheriff. On July 30, 1894, upon a like petition of said Buxton setting forth the same facts, Hon. Hugh Ryan, a circuit court commissioner of Milwaukee county, granted another writ of *habeas corpus* in behalf of the defendants, and upon the return thereto, which was demurred to, and a hearing thereon, it was ordered by said Commissioner Ryan that said demurrer to said return be sustained and that said prisoners be discharged from the custody of said sheriff, for the reason and upon the ground that the justice had no jurisdiction of the criminal offense against them, and that the warrant of commitment in default of bail, issued by him, was void for want of jurisdiction, it being held by said commissioner that justices of the peace elected in the city of Milwaukee were by law deprived of criminal jurisdiction in any and all cases.

Upon the verified petition of said sheriff, made August 20, 1894, a writ of *certiorari* was issued out of this court, commanding the said Commissioner Ryan to send to this court the records of said *habeas corpus* proceedings and the order thereon, with the process, pleadings, proceedings, testimony, rulings, exceptions, and all other things touching the same, together with said writ of *certiorari;* and, pursuant to said

The State ex rel. Dunn vs. Bilder and another.

command, the said Commissioner Ryan has, under date of October 2, 1894, certified all of said matters to this court.

*Jared Thompson, Jr.,* for the relator, to the point that the justice had jurisdiction, cited *State ex rel. Wedge v. Olson,* 59 N. W. Rep. 1038; *Hoffman v. Parsons,* 27 Minn. 236.

For the defendants the cause was submitted on the brief of *Henry L. Buxton.*

CASSODAY, J.   The defendants were arrested for committing an offense outside of the city of Milwaukee, and in the town of Wauwatosa in Milwaukee county, in violation of the provisions of sec. 4445, R. S., as amended by ch. 358, Laws of 1891.   The punishment for such violation is imprisonment in the county jail not more than six months, or a fine not exceeding $100.   Justices of the peace have power and jurisdiction, throughout their respective counties, "to hear, try and determine all charges for offenses arising within their respective counties, the punishment whereof does not exceed six months' imprisonment in the county jail, or a fine of $100, or both such fine and imprisonment, except as otherwise provided."   R. S. sec. 4739.   Manifestly, the justice had jurisdiction of the offense charged, unless there is some statute taking away such jurisdiction.

The only statute cited by counsel for the defendants as depriving the justice of such jurisdiction is sec. 13, subch. 20, ch. 184, Laws of 1874, as amended by sec. 57, ch. 324, Laws of 1882, which reads as follows: "The justices of the peace elected in the said city shall not have jurisdiction to hear complaints or conduct examinations or trials *in criminal cases within the city;* but they may issue warrants in criminal cases, returnable before the municipal court, but no fees shall be received therefor by them." What is meant by the words, "criminal cases within the city"?   Are they limited to crimes committed within the city, or do they extend to offenses committed outside of the city, but within the

county, and then prosecuted and tried within the city? It must be admitted that, standing alone, they are ambiguous. Their meaning, however, becomes apparent when examined in connection with the statutes regulating the jurisdiction of the municipal court of Milwaukee county. In *Gilowsky v. Connolly*, 55 Wis. 445, it was, in effect, held that, under the constitution, the legislature had power to deprive justices of the peace in cities and villages of jurisdiction in criminal cases, and vest that jurisdiction exclusively in other tribunals; and that by sec. 2499, R. S., as it originally stood, the legislature had done so as to justices of the peace elected in the city of Milwaukee. No amendment to that section was mentioned or referred to in that case. That section was very much changed, in the regard mentioned, by sec. 1, ch. 256, Laws of 1879. By such amendment it was made to declare, in effect, that "no justice of the peace or court commissioner, within said city, shall exercise any jurisdiction in cases of crimes or misdemeanors *arising in said city*, but all such jurisdiction is vested in said municipal court." S. & B. Ann. Stats. sec. 2499. By the same section, as so amended, the said municipal court was given "exclusive appellate jurisdiction of all crimes and misdemeanors tried before justices of the peace *in said county*," whereas before such amendment such "exclusive appellate jurisdiction" only extended to "all criminal cases tried before justices of the peace *elected in the towns of said county*." By sec. 3, ch. 256, Laws of 1879, the municipal court was given all the powers and jurisdiction theretofore vested in the police justice of said city, "in all cases of crimes and misdemeanors *arising in said city*." S. & B. Ann. Stats. sec. 2501. The same language is carried forward in the amendment to that section by ch. 265, Laws of 1891. Construing these several acts together as relating to the same subject, as we must, and it is very manifest that the words, "*in criminal cases within the city*," contained in sec. 57, ch. 324, Laws of 1882, simply

mean such criminal offenses as are committed within the city limits, and have no application to such criminal offenses as are committed outside of the city limits but within the county of Milwaukee, even though they are prosecuted and tried before a justice of the peace residing, elected, and having an office within the city.

It follows that the justice's court had jurisdiction, and that Commissioner Ryan improperly discharged the defendants from the custody of the sheriff.

*By the Court.*— The order of said Commissioner Ryan is reversed.