[S. F. No. 12579. In Bank.—April 21, 1930.]

W. L. WILLIAMSON, Respondent, v. ANDREW EGAN, etc., et al., Appellants.

H. W. B. Smith and Thomas, Beedy, Presley & Paramore for Appellants.

Sterling Carr and Carr & Guiler for Respondent.

LANGDON, J.—This is an appeal by the defendants from a judgment against them in an action to recover rental value of teams of horses and mules used in the construction of certain public work.

The defendant Egan was the contractor and the United States Fidelity and Guaranty Company was the surety upon his statutory bond.

The findings of fact state the case shown by the record and are, substantially, as follows: That on or about the twenty-fourth day of October, 1923, defendant Egan made and entered into a contract with the city of Santa Cruz, by the terms of which said defendant was to construct a reservoir on Bay Street in the city of Santa Cruz, state of California; that on the same date the defendant surety company executed and delivered a certain bond in the amount of $73,537 by which it became bound unto all materialmen, etc., and especially to all persons, companies or corporations renting or hiring teams or implements or machinery, for or contributing to said work to be done and whose claim has not

been paid by the contractor, in the amount of the bond. The bond required as a condition of liability of the surety, that all claims for materials, etc., should be filed as required by the statute in such cases made and provided, and that in the event of action being brought, a reasonable attorney's fee should be charged as costs.

Between November 2, 1923, and March 28, 1924, inclusive, plaintiff furnished and rented 86 head of mules and horses, with harness and equipment, consisting of enumerated plows and scrapers to defendant Egan and said Egan took and hired said mules, horses, harness and equipment, all at the special instance and request of said Egan for use in connection with said work and during all of said times said mules, horses, harness and equipment were used in, on and about said work; that by the terms of the agreement between plaintiff and the said defendant Egan for the renting of said mules, horses, harness and equipment, there became due the plaintiff the following sums for the following periods and the following items:

For the period November 3, 1923, to December 3, 1923, for mules, horses and harness hired......$  507.50
For the same period, rent of a disc plow.........  30.00
For the same period, rent of railroad plow.......  15.00
For the period of December 3, 1923, to January 3, 1924, for mules, horses and harness hired...... 1,075.00
For the same period, rent of 4 slip scrapers........  22.00
For the period January 3, 1924, to February 3, 1924, for mules, horses and harness hired...... 1,075.00
For the period February 3, 1924, to March 3, 1924, for mules, horses and harness hired............ 1,075.00
For the period March 3, 1924, to March 28, 1924, for mules, horses and harness hired...............  859.20

The trial court also found that defendant Egan promised and agreed to pay the freight upon the mules, horses and equipment from Santa Cruz to Lathrop, California, and to load the same upon the cars, and that said defendant failed to do so and plaintiff was thereby compelled to do said work and pay said freight and that the amount expended therefor was $268; that all of these amounts were properly chargeable against the defendant Egan and the defendant Surety Company.

It was found that by the terms of said agreement, defendant Egan promised to pay for any damage or injury to said mules or horses, and that in the course of said work and through the negligence and carelessness of said Egan, a horse and a mule were so injured as to be rendered worthless and that their value, in the aggregate, was $225; that defendants are entitled to certain credits for articles appropriated by plaintiff and aggregating in value $265; that all the charges of plaintiff for the rental and use of said mules, horses, harness and equipment as set forth in the findings as due from defendants to plaintiff were the reasonable, proper and going charges for such character and kind of mules, horses, harness and equipment furnished by plaintiff and used upon said work, and for the character of work to be done and the use to be made of said mules, horses, harness and equipment; that by agreement of plaintiff and defendant Egan, plaintiff was not to be paid for said mules and horses during the period from November 3, 1923, to December 3, 1923, when the said mules and horses were not working on account of rain or due to rainy weather; that due to said rain and rainy weather said mules and horses did not work for fifteen days of said period, and by reason thereof plaintiff is entitled to one-half of the full amount of $12.50 per head per month for said 86 head of mules and horses, with their harness.

That upon the twenty-seventh day of March, 1924, plaintiff filed with said city of Santa Cruz and its city clerk and commissioner a verified statement of his said claims against defendants herein, together with a statement that the same had not been paid, and in all respects complied with the provisions of the act of the legislature approved May 10, 1919, and entitled "An Act to secure the payment of the claims of persons employed by contractors upon public works, and the claims of persons who furnish materials, supplies, teams, implements or machinery used or consumed by such contractors in the performance of such works, and prescribing the duties of certain public officers with respect thereto"; that at the proper time and in the proper manner, plaintiff did and performed all things and acts required by the provisions of said act of the legislature and did all things and acts and filed all notices and other documents necessary

to preserve and protect his claims against defendants herein, and each of them.

That it is true that at the time of the commencement of this action, the work on the original contract entered into between defendant Egan and the city of Santa Cruz had not been completed, nor at that time had said work of improvement been completed, nor had there been at said time cessation from labor on said contract and work of improvement for thirty days.

Upon these findings, judgment was given against the defendants.

It is contended on appeal, first: That plaintiff's action was prematurely brought. The following facts are undisputed: The contract between Egan and the city of Santa Cruz was dated October 24, 1923. Egan commenced work at once. He abandoned work on or about February 23, 1924. On February 28, 1924, the city council adopted a resolution declaring that Egan had abandoned work. Within thirty days from the date of abandonment, Egan's surety caused the work to be resumed and completed. Formal acceptance of completion was signified by the city council by the adoption of a resolution to that effect on December 4, 1924. Plaintiff took possession of the rented property and removed it from the work on or about March 28, 1924, and on that date he filed with the city of Santa Cruz a verified statement of his claim against Egan and he commenced the present suit on May 26, 1924. It is the appellant's contention that under the provisions of the Public Works Act of 1919 (Stats. 1919, p. 487), plaintiff had no right to commence suit against appellants on their bond until after the expiration of thirty days following the completion of the work of improvement, i. e., December 4, 1924. Section 2 of the act in question provides, in part: "Any materialman, person . . . renting or hiring teams . . . and whose claim has not been paid by the contractor . . . may at any time prior to the expiration of the period within which claims of lien must be filed for record, as prescribed by the provisions of section 1187 of the Code of Civil Procedure, file . . . a verified statement of such claims, together with a statement that the same have not been paid. *At any time within ninety days following the expiration of the period last mentioned, the person, company or corporation filing the same may commence an*

*action* against the surety or sureties on the bond, specified and required in section one hereof." Appellants concede that the claim was filed in time, but contend, in effect, that the foregoing language of section 2 of the act fixes not only a date after which suit cannot be brought, but also a date before which no action can be maintained. While this precise question seems not to have been decided in this state under the act of 1919, it was decided adversely to appellants' contention with reference to the similar act of 1897 (Stats. 1897, p. 201). (*French* v. *Powell*, 135 Cal. 636 [68 Pac. 92, 94].) In the case just cited it was held: "When time is spoken of, any act is within the time named that does not extend beyond it."

We feel constrained to hold upon principle and authority that the language "within ninety days following the expiration of the period" (for filing claims) means not beyond the ninetieth day after such period. It has been held that "within ten days after service" of a commissioner's report, means before, or less than ten days after service (*Chicago etc. Ry. Co.* v. *Eubanks*, 32 Mo. App. 184); that a waiver "at any time within six months after the probate" of a will, includes a waiver made two months before probate (*Atherton* v. *Corliss*, 101 Mass. 40); that a certificate filed before a vessel's departure is "within four days from the time of the vessel's departure from port" (*Young* v. *The Orpheus*, 119 Mass. 179); that a claim filed prior to a declaration of insolvency is filed "within nine months after declaration of insolvency" (*Devert* v. *Read*, 54 Ala. 529); that "within 30 days from the time such work is completed" means "before completion, or not more than 30 days afterwards" (*French* v. *Powell*, 135 Cal. 636, 641 [68 Pac. 92]; *Hub Hardware Co.* v. *Aetna Co.*, 178 Cal. 264, 269 [173 Pac. 81]).

It is also contended that the amendment to plaintiff's complaint was filed too late. The work having been completed on December 4, 1924, the last day for filing suits against the surety was April 5, 1925, and the amendment was not filed until November 30, 1925. It is asserted that the purported amendment was in fact not such, but was the statement of a new cause of action. The original complaint was for the contract price of the teams and the amendment sought to add a count for the reasonable value of the rented

equipment. However, recovery was allowed to the plaintiff upon the cause of action stated in the original complaint for the contract price, and the error, if any, in permitting the amendment would not affect the merits of the case nor warrant a reversal of the judgment.

Appellants contend that the judgment for rental against both defendants is excessive in the amount of $859.20, because in the itemized statement herein set forth as constituting the elements of the judgment is included that sum as rental from March 3, 1924, to March 28, 1924, after the work had been abandoned by Egan, and that rental for this period and this amount was not asked in the complaint. In other words, it is contended that the judgment is $859.20 in excess of the amount prayed for in the complaint. A discussion of this matter is unnecessary, because plaintiff concedes the correctness of this objection and the judgment must be reduced accordingly.

It is contended, finally, that as against the defendant Surety Company the judgment is erroneous because it makes no allowance in rental for the time the teams might not have worked on the job due to rain or unfavorable conditions; that the surety is liable only for rental during the time the teams were actually used on the work of improvement. This argument is predicated upon the language of the bond obligating the surety to pay for labor, materials, etc., "used in, upon, for or about the performance of the work." We are not disposed to give so narrow a construction to the terms of the bond. The plaintiff did not agree to permit his teams to be present on the job, ready to work at any and all times, but without compensation in the event they could not work for a day or more or for a fractional part of a day because of conditions over which plaintiff had no control. It is not shown that the contract for rental was unreasonable, nor that it did not represent the usual terms and charge for such rental. Delays due to the weather were a part of the surrounding circumstances which entered into the cost of the improvement. The bond sued upon here is one required by statute and its provisions are to be liberally construed to effectuate its purpose. (*Continental Nat. Bank* v. *Republic Cas. Co.*, 202 Cal. 586, 589 [262 Pac. 300].)

The judgment against each defendant is modified by reducing the same in the sum of $859.20 and as so modified the judgment appealed from is affrmed.

Curtis, J., Preston, J., Richards, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices concurred.