# Commonwealth v. Becknell et al.

(Decided June 21, 1935.)

BAILEY P. WOOTTON, Attorney General, H. HAMILTON RICE, Assistant Attorney General, and G. MURRAY SMITH, Commonwealth's Attorney, for appellant.

CARL F. EVERSOLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Certifying the law.

The grand jury of Madison county indicted Fred Becknell, Arthur Farthing, Earl Turner, and Charles Turner for the crime of exploding dynamite or other explosive within or under a building, an offense denounced by section 1375, Kentucky Statutes. Each was charged as principal and as aider and abettor of the others. On their trial the court refused to submit the question of their guilt under the statute, but authorized their conviction of a misdemeanor. Each was found guilty and his punishment fixed at a fine of $100 and twelve months' imprisonment at hard labor in the county jail.

The regularity of the judgment has not been challenged by the accused, but the commonwealth has appealed for the purpose of having the law certified.

Section 1375, Kentucky Statutes, under which the indictment was returned, reads as follows:

"Any person or persons who shall wilfully explode dynamite or other explosive substance within or under any house or building of any kind, whether the same shall be occupied or not, shall be guilty of a felony, and shall be confined in the penitentiary for a period of not less than two nor more than ten years."

208

The only witness as to the place of the explosion was James Freeman, who testified that, when he went to the door, he saw about three or four steps from the door a stick of dynamite lying in the yard with a fuse that was burning attached thereto. At the same time he saw Arthur Farthing throw another stick of dynamite toward the house to which was attached a lighted fuse. At that time the first stick of dynamite exploded, making a hole in the ground, shaking the house, and knocking one window pane out; but no one was hurt. The second stick of dynamite did not explode. The court declined to submit the felony charge on the ground that the evidence failed to show an explosion "within or under" the house. The commonwealth insists that the word "within" as used in the statute means "near," "about," or "adjacent to," and that the court should have so defined the term and have submitted to the jury the question whether the accused had violated the statute. The argument is that the purpose of the statute was the protection of property and persons, and that the Legislature used the word "within" in the sense of being so near to the house or building as likely to cause injury. It is true that the word "within" has a variety of meanings depending on the connection in which it is used, Chicago, S. F. & C. R. Co. v. Eubanks, 32 Mo. App. 184, 190, and it may be that in rare instances it is used in the sense of "near," "about," or "adjacent to." But it must not be overlooked that we are construing a statute creating an entirely new offense and highly penal in character, and we are not disposed to hold that the word was used in any other than its ordinary and usually accepted sense. As employed in the statute it is a preposition denoting place. In that connection its usual meaning is "in the inner or interior part of"; "not without." Webster's New International Dictionary, Second Edition. Other meanings are "inside the limits of," "not beyond," "not outside of." 69 C. J. 1312; Emerson v. Commonwealth, 15 Pittsb. Leg. J. (N. S.) (Pa.) 273, 275; State v. Bilder, 90 Wis. 10, 14, 62 N. W. 415. To same effect St. Louis v. Wiggins Ferry Co., 11 Wall. 423, 431, 20 L. Ed. 192. It may be that if the explosion had occurred in the porch of the house, it would have been within the house within the meaning of the statute. Mackey v. Commonwealth Casualty Co., 224 Mo. App. 1100, 34 S. W. (2d) 564. But the uncontradicted evidence shows that when the

dynamite was exploded it was from nine to twelve feet from the door of the house, and it cannot be said that this was within the house unless we give to the word "within" the same meaning as the word "without." Not only so, but if we should construe the word "within" to mean "near," "about," or "adjacent to," it would render the statute vague and indefinite, and thus raise a serious question as to its validity. As the offense occurred "without" and not "within" the house, it follows that the court did not err in holding that the accused were not guilty under the statute.

Wherefore this opinion is certified as the law of the case.