No. 19,816.

E. C. HENSLEY and O. C. BROSIUS, as Partners, etc., *Appellees,* v. SCHOOL DISTRICT NO. 87 OF ANDERSON COUNTY, et al., *Appellees,* and THE EQUITABLE SURETY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. INDEMNITY BOND—RULES OF CONSTRUCTION—*Statutory Provisions.* A contractor's bond, conditioned in general terms for his faithful performance of a building contract, will not be interpreted as guaranteeing merely his payment of debts incurred for labor and material, although that was the only guaranty required by the statute, and the original agreement called for the giving of a bond according to the law of the state.

2. SAME—*Liability of Surety Company.* A surety company is liable upon a contractor's bond executed by it after the signing of the original contract, although not provided for therein, the compensation it receives being a sufficient consideration for its guaranty.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed January 8, 1916. Affirmed.

*W. N. Smelser,* of Emporia, for the appellant.

*C. W. Garrison,* and *Noah L. Bowman,* both of Garnett, for the appellees.

The opinion of the court was delivered by

MASON, J.: A school district entered into a written contract with J. T. Allen for the building of a schoolhouse. Allen gave a bond executed by the Equitable Surety Company, conditioned for his faithful performance thereof. He failed to complete the building, and a number of mechanics' liens were filed against it. The district sued the surety company and obtained a judgment against it for $1919.98 on account of the mechanics' liens, and for an additional $500 for damages by reason of the failure to complete the building. The company appeals, contesting only the $500 item, on the ground that it was not covered by the bond.

The contract between the school district and Allen was entered into and signed on March 26, 1913. The contract required Allen to "give bond according to the state law of the state of Kansas," but made no other reference to the matter. The bond was executed on April 29, 1913. The condition upon which liability depended was stated in these words: "if the said principal shall faithfully perform such contract according to the terms, covenants and conditions thereof." The only statute relating to a bond in such cases requires a public officer upon entering into a contract for constructing a public building to take a bond "conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building." (Civ. Code, § 661.)

(1) In behalf of the surety company it is argued that inasmuch as the bond was given in pursuance of the contract, which required merely a bond according to the state law, it should be interpreted as intended to carry out the statutory purpose, and that the words binding the principal to the faithful performance of his contract should be construed as referring only to his payment of indebtedness for labor and material, thereby protecting the district against mechanics' liens.

We think the language of the bond too explicit to admit of a meaning so far from that naturally to be placed upon it. The surety company undertook that Allen should faithfully perform his contract according to its terms. This is the usual scope of a bond of this general character. A failure to pay material men and laborers is only one of a variety of ways in which a building contractor may violate his agreement. The bond here given must be held broad enough in its terms to cover the loss resulting from Allen's abandonment of the building before its completion.

(2) Whether the bond is enforceable, construed as covering defaults other than those relating to liens, depends upon the sufficiency of the consideration for that part of the guaranty. After a contract has been signed by the parties, an agreement of a third person, guaranteeing that one of them will carry out his part of it, can only be enforced where it is made pursuant to some prior understanding, or is supported by some new consideration. (27 Cyc. 306; 5 Elliott on Contracts, § 3936; 1 Brandt on Suretyship and Guaranty, 2d ed., § 26.)

Where a contract provides for security being given with respect to certain specified matters, and a bond which contains additional engagements is signed by a surety who receives no consideration, a question may well be raised whether his liability extends beyond the items covered by the original agreement. But here the surety is a corporation engaged in assuming such obligations for pay. It is practically an insurance company. (*The State v. Construction Co.*, 91 Kan. 74, 81, 136 Pac. 905.) It receives compensation for its guaranty and therefore is not within the protection of the rule suggested.

The judgment is affirmed.