GENERAL BONDING & CASUALTY INS. CO. v. HILL et al. (No. 7772.)

(Court of Civil Appeals of Texas. Dallas. May 19, 1917. Rehearing Denied June 16, 1917.)

1. PRINCIPAL AND SURETY ⚖82(1)—BUILDING CONTRACTS—CONTRACTOR'S BONDS.

Where a surety executed a bond that the contractor should faithfully perform his contract, and he abandoned it before completing the building, whereupon the owner completed the building at extra cost, having complied with the contract upon his part, he was entitled to judgment on the bond.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 127.]

2. PRINCIPAL AND SURETY ⚖117—CONTRACTOR'S BONDS—DISCHARGE OF SURETY.

Where a surety executed a bond for a contract conditioned on faithful performance of his contract, and the contractor had earned $700, for which he had given an assignment to a lumber company furnishing materials, all of which had gone into the building, and the owner accepted the assignment, the amount was rightfully paid; it not being more than was due at the time.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 283–285.]

3. HUSBAND AND WIFE ⚖238(3)—JUDGMENT—FORM.

In a suit involving the homestead of a husband and wife, though the wife was not necessary party, a judgment in her favor as well as her husband was proper.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 855.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by J. W. Ogburn and another, trading as the Ogburn Gravel Company, against B. C. Hill and others, wherein defendants made the General Bonding & Casualty Insurance Company a party and sought judgment. Judgment for defendant Hill, and the insurance company appeals. Affirmed.

T. L. Camp and Walter M. Nold, both of Dallas, for appellant. J. Hart Willis and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

RAINEY, C. J. We adopt the statement taken from appellant's brief, which is as follows:

"This suit was originally filed on the 28th day of January, A. D. 1914, by J. W. Ogburn and Paul P. Cooper, trading as the Ogburn Gravel Company, against B. C. Hill, Pearl Hill, and M. L. Greer, to recover an alleged indebtedness aggregating the principal sum of $135.12, and for foreclosure of mechanic's and materialman's liens upon certain real estate alleged to be the property of B. C. Hill and wife, Pearl Hill. The defendants B. C. Hill and wife, Pearl Hill, made the General Bonding & Casualty Insurance Company, a corporation, a party to the suit and sought to recover a judgment for any amount in which judgment might be rendered against them, and also sought to recover judgment against said company for various items of indebtedness in the total amount of $343, which defendant B. C. Hill averred that he was obligated to pay in the finishing of a certain residence which the defendant M. L. Greer had contracted to build for him, and alleging that the defendant General Bonding & Casualty Insurance Com-

pany had executed, as surety, a bond for the defendant M. L. Greer in the penal sum of $1,500, conditioned for the performance of the building contract by M. L. Greer. The defendant General Bonding & Casualty Insurance Company denied the material allegations in the plea of B. C. Hill and wife, and specially answered, among other things, that the defendant B. C. Hill departed from the terms of the contract and bond, in that he paid and ordered paid moneys to the contractor and persons furnishing material for the building in a manner different from that contemplated by the contract and bond, and assumed a personal liability for the payment for material to the extent of approximately $700, and that, but for his wrongful conduct, no loss to him would have accrued or occurred, and that the building would have been finished according to the plans and specifications and within the contract price to him. The case was tried on the 28th day of March, 1916, before the court without a jury, and judgment was rendered that the Ogburn Gravel Company take nothing by their suit; that the defendants B. C. Hill and Pearl Hill have judgment against the General Bonding & Casualty Insurance Company in the sum of $323.50, together with interest thereon from January 14, 1916, at the rate of 6 per cent. per annum, and for all costs of suit. The defendant General Bonding & Casualty Insurance Company duly filed its motion for new trial on March 29, 1916, and thereafter duly filed its amended motion for a new trial, which was in all things overruled by the court on April 28, 1916, and defendant General Bonding & Casualty Insurance Company on April 27, 1916, filed its motion for findings of facts and conclusions of law, which findings and conclusions were filed on May 18, 1916, to each and all of which findings of facts and conclusions of law the said defendant General Bonding & Casualty Insurance Company duly excepted, and on May 13, 1916, said defendant duly filed supersedeas bond, and has filed a statement of facts, bringing the case before this court for review."

Conclusions of Fact.

We conclude that the court's findings of facts are supported by the evidence, and adopt the same, as follows:

"That on April 22, 1913, M. L. Greer, first party, entered into a contract with B. C. Hill, and his wife, Pearl Hill, second parties, to construct for them a house; the total cost for the work or material to complete said building to be the sum of $3,000.

"That, upon the execution of the contract, a bond was furnished by General Bonding & Casualty Insurance Company to indemnify the owner against the acts of M. L. Greer, contractor; said bond being in the sum of $1,500. A copy of said contract and bond are attached hereto.

"That R. E. Gahagan is shown in the contract, not as a signer thereof, nor as a party thereto, save and except that he was to furnish the $3,000 to B. C. Hill necessary to complete the building. There is no provision as to method of payment by the owner, B. C. Hill; the only provision being that B. C. Hill shall pay the contractor the sum of $3,000.

"That work progressed under the contract until July 5, 1913, when M. L. Greer, the contractor, abandoned the job, and refused to go on with the same. I find that all the provisions of the contract and bond relative to the notice to the surety of the breach, and request that the surety proceed with the construction of the building, were complied with.

"I find that, at the beginning of the construction of the building, M. L. Greer, the contractor, assigned by written assignment to Burton Lumber Company of Dallas $700, to be paid out of moneys becoming due to him under the building

contract with B. C. Hill, and I find that under the terms of the contract and bond he had a legal right to make such an assignment. I find that, at the date of the abandonment of the contract, all the lumber used in the building had been worked into the building, but that the Burton Lumber Company had been paid nothing on its assignment; that it had furnished more than $700 worth of lumber; that the indebtedness to the Burton Lumber Company had been due long prior to the default of the contractor; that there had become due to the contractor in excess of $700; and that $700 of the indebtedness to the contractor had been retained by B. C. Hill to meet the assignment of the Burton Lumber Company.

"I further find that payments on weekly estimates were made in conformity with the contract and bond; that at no time was more paid on weekly estimates than 75 per cent. of the work done.

"I find that there was no limitation on the owner or Gahagan requiring any portion of the contract of the $3,000 to be retained, nor was there any limitation or provision that the 75 per cent. limitation should not exceed $3,000. I find that, on the breach of the contract and abandonment of the work by the contractor, B. C. Hill paid to the Burton Lumber Company $700, which had long been due on its assignment of May 1st, and which had been held by B. C. Hill subject to the lumber company's order on its assignment of May 1st. I find that, at the date of the abandonment of the contract by the contractor, B. C. Hill had of the contract price remaining $1,200, $700 of which was the property of and was due Burton Lumber Company by virtue of its assignment of date May 1st; that he had only $500 of funds with which to complete the building which had been abandoned.

"I find that, at the time of the giving of the notice of lien by the Ogburn Gravel Company, B. C. Hill had no funds owing to the contractor, M. L. Greer, in his possession, save the $500 as above stated; and I find that no funds were paid out on indebtedness of the contractor after his abandonment of the job.

"I find that, in addition to the $500 on hand with B. C. Hill, it was necessary for said Hill to pay out an additional sum to complete the building of $323.50. I find that the building was completed according to the plans and specifications, and that no changes in construction were made therein.

"I find that B. C. Hill paid the $700 to the Burton Lumber Company on its assignment dated May 1, 1913, after the receipt of the notice of materialman's lien furnished by Ogburn Gravel Company; said notice or notices being given on July 24, and August 16, 1913. And I find that the said $700 paid to Burton Lumber Company had been long since past due, and had been held by B. C. Hill under the assignment of May 1st, and that the bonding company and the Ogburn Gravel Company suffered no loss by the payment of said $700, since there was no violation of any of the terms of the contract as to method of payment on weekly estimates, and said $700 was the property of Burton Lumber Company and not subject to any debts of the contractor. * * *

"I find no breach of any of the provisions of the bond and contract on behalf of B. C. Hill, and I find that he actually expended the sum of $323.50 in the completion of his building, for which the bonding company is liable to him."

## Opinion.

The assignment of error is:

"Said judgment is contrary to the law and the evidence, in that the evidence conclusively shows that by the terms of the bond herein sued upon any change or departure from the terms or pro-visions of the bond or contract, whether material or immaterial, made without the written consent of the surety, shall relieve the surety from any liability under said bond, and that by the building contract in question B. C. Hill became bound to pay to the contractor weekly amounts equal to 75 per cent. of the work done in accordance with estimates of the architect, but that said B. C. Hill departed from and violated 'his obligation in said contract, in that he assumed responsibility for and paid to the Burton Lumber Corporation, a furnisher of material, approximately the sum of $700, and accepted an assignment by the contractor for that amount after the contractor had previously assigned all of his interest in the contract to one R. E. Gahagan with the knowledge and consent of said B. C. Hill, without regard to any estimate of the architect and without the written or other consent of the surety on said bond, this defendant herein."

[1] The bond executed by appellant being that the contractor should faithfully perform the contract with appellee, which contract was abandoned by Greer before the building was completed, and appellee having been compelled to complete it at extra cost, and the appellee having complied with all the terms of the contract, as found by the court, and supported by the evidence, judgment was properly rendered against the appellant.

[2] Appellee Hill having accepted the assignment to the Burton Lumber Company long before Greer abandoned the contract, and after the lumber had been used in the building, and at a time when there was due Greer on the building the $700, it must be considered to have been paid at the date of said assignment, and at the time of the payment of said amount Hill had not paid on said building more than he was bound to pay under the contract. Therefore we conclude that the $700 was rightfully paid by Hill.

The estimates of not over 75 per cent. were for the benefit of Gahagan, and in no way affected Hill.

[3] Appellant complains of the court for rendering judgment in favor of Mrs. Pearl Hill. Mrs. Hill was the wife of B. C. Hill. The building was the homestead of her and her husband, and she is vitally interested in the controversy, although she was not a necessary party, and, she being a party, it is immaterial, as the appellant will only have to pay the judgment once, and that to B. C. Hill, so this complaint is without merit.

Complaint is made that the cost incurred by the Ogburn Gravel Company is adjudged against the appellant. The cost incurred by the Ogburn Gravel Company is small, and we will presume there was good reason for the court so finding in the absence of a showing otherwise. In answer to this complaint, the Ogburn Gravel Company have filed a state-ment to the effect that upon the trial of the case it had no interest in the prosecution of the case, that it was agreed between all the parties in open court that it would withdraw from the suit, and the cause be submitted to the court as between the other parties in consideration that no cost be assessed against it, and in accordance with this understand-

ing no judgment for costs was rendered against it.

While there is nothing in the record showing this understanding, it at least strengthens our presumption that the court rightly adjudged the costs as it did.

The judgment is affirmed.