(May 23, 1923.)

E. W. UDICK, Respondent, v. UNITED STATES FIDELITY & GUARANTY CO., a Corporation, et al., Appellants.

[215 Pac. 838.]

BONDS—DELIVERY—QUESTION FOR JURY.

   1. A surety company executed a bond for the faithful performance of a building contract and on receiving the premium therefor delivered the bond to one of the contractors, who kept it in his possession without delivering it to the obligee therein named. The local agent of the surety company notified the obligee of the arrival of the bond. The evidence was conflicting as to whether the bond was delivered with instructions to the contractor to give it to the obligee. Until after default of the contractors the surety assumed that the obligee had possession of the bond. *Held*, sufficient to support a verdict against the surety as against a defense of nondelivery of the bond.

   2. Where the evidence is conflicting as to whether a surety bond was delivered to the obligee, the question is for the jury.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action by E. W. Udick against Charles Getts and another and United States Fidelity & Guaranty Company to recover on building contractors' bond. From a judgment for plaintiff, the surety company appeals. *Affirmed.*

J. T. Pence, for Appellants.

Delivery is essential to the validity of bond or undertaking. (*Erwin v. Crook,* 17 Colo. 16, 28 Pac. 549; *Midland v. Solomon,* 71 Kan. 185, 79 Pac. 1077; *Hall v. Parker,* 37 Mich. 590, 26 Am. Rep. 540; *Sneathen v. Sneathen,* 104 Mo. 201, 24 Am. St. 326, 16 S. W. 497; *Gilbert v. Anthony,* 1 Yerg. (Tenn.) 69, 24 Am. Dec. 439; *Garcia v. Satrustegui,* 4 Cal. 244; Stearns on Suretyship, secs. 123, 204; Brandt on Suretyship, secs. 4, 34; *People v. Van Ness,* 79 Cal. 84, 12 Am. St. 134, 21 Pac. 554; *Hyatt v. Grover,* 41 Mich. 225, 1 N. W. 1037; Pingree on Suretyship, sec. 49; *City of Elkins v. Elkins,* 87 W. Va. 350, 105 S. E. 232; 9 C. J. 16, 18.)

Buckner & Warren and Walter Griffiths, for Respondent.

Delivery of fidelity bond to the agent is delivery to the insured or obligee. (*Marysville Merc. Co. v. Home Ins. Co.,* 21 Ida. 377, 121 Pac. 1026; *Prosser Power Co. v. United States Fidelity & Guaranty Co.,* 73 Wash. 304, 132 Pac. 48; *Stephenson v. Allison,* 165 Ala. 238, 138 Am. St. 26, and note p. 53, 51 So. 622; 1 Cooley's Insurance Briefs, p. 449; *North St. Louis Planing Mill Co. v. Essex,* 157 Mo. App. 18, 137 S. W. 295; *Harrigan v. Home Life Ins. Co.,* 128 Cal. 531, 58 Pac. 180, 61 Pac. 99; 13 Dec. Dig., Insurance, 136 (2).)

The delivery of a bond may be constructive as well as manual. (9 C. J. 17, sec. 26, note 51; *Fooly v. Van Tuyl,* 4 N. J. L. 153; *Phoenix Assur. Co. v. McArthur,* 116 Ala. 659, 67 Am. St. 154, 22 So. 903; *Dibble v. Northern Assur. Co.,* 70 Mich. 1, 14 Am. St. 470, 37 N. W. 704; 13 Dec. Dig.,

Insurance, 136 (2); *Blackwell v. Lane,* 3 Nev. 132, 32 Am.
Dec. 695.)

Conditions, irregularities and defects in the execution and
delivery of a bond may be waived by the surety. (*Mull v.
United States Fidelity & Guaranty Co.,* 35 Ida. 393, 206
Pac. 1048; *Allen v. Phoenix Assur. Co.,* 14 Ida. 728; *Mc-
Kune v. Continental Cas. Co.,* 28 Ida. 31, 95 Pac. 829; *Peo-
ple's Fire Ins. Co. v. Goyne,* 79 Ark. 315, 96 S. W. 365,
16 L. R. A., N. S., 1180 and note; *Berliner v. Travelers
Ins. Co.,* 121 Cal. 451, 53 Pac. 922; *Campbell v. Merchants
& Farmers' etc. Ins. Co.,* 37 N. H. 35, 72 Am. Dec. 324;
*Rissler v. Am. Century Ins. Co.,* 150 Mo. 366, 51 S. W. 755;
*Ohio Farmers' Ins. Co. v. Vogel,* 166 Ind. 239, 117 Am. St.
382, 9 Ann. Cas. 91, 6 N. E. 977, 3 L. R. A., N. S., 966;
*Schultz v. Caledonian Ins. Co.,* 94 Wis. 42, 68 N. W. 414;
*Chismore v. Anchor Fire Ins. Co.,* 131 Iowa, 180, 108 N. W.
230.)

A surety for hire cannot invoke the rule of *strictissimi
juris,* and its rights are measured by the law applicable to
insurance contracts. (*American Surety Co. v. Pangburn,*
182 Ind. 116, Ann. Cas. 1916E, 1126 and note, 105 N. E.
765; 21 R. C. L. 1160, 1161; *Philadelphia v. Fidelity &
Deposit Co.,* 231 Pa. 208, Ann. Cas. 1912B, 1085 and note,
80 Atl. 62; *Empire State Surety Co. v. Lindenmeir,* 54 Colo.
497, Ann. Cas. 1914C, 1189, 131 Pac. 437; *Chicago Lbr. Co.
v. Douglas,* 89 Kan. 308, 131 Pac. 503, 44 L. R. A., N. S.,
843.)

FLYNN, Commissioner.—Getts and Gentler contracted
with respondent to build a dwelling-house and agreed to
furnish a bond for the faithful performance of the contract.
They applied to appellant U. S. Fidelity & Guaranty Com-
pany for a bond which was issued in the sum of $2,000.
The appellant executed the bond, respondent being named
as the obligee therein, and its local agent delivered it to
Getts and received from Getts the full premium therefor.
Getts retained the bond in his possession without delivering
it to respondent. Neither Getts nor Gentler signed the

bond. The contractors defaulted and respondent was obliged to pay lien claims in more than the penal sum of the bond, for which sums so paid less the balance unpaid on the contract price he recovered judgment by default against the contractors and a judgment of $2,000 on the bond against appellant. The appellant stands on the nondelivery of the bond and concedes that the mere failure of the principals to sign would not exonerate it from the obligations of surety. The evidence is conflicting as to whether the appellant's local agent in delivering the bond to Getts told him to hand it to respondent. The local agent admits that he informed respondent of the arrival of the bond from the Salt Lake office of the company. Until about the time of the completion of the building respondent thought the bond was in the possession of the local agent and the agent thought it was in respondent's possession. During the course of the building operations, the appellant through its local agent made inquiry of respondent as to the progress of the work and the probable date of its completion, the surety company sending to the agent printed blanks for such information. Respondent testified that before making the first payment under the contract he called the local agent on the telephone and asked whether the bond had been executed and was told that the bond was all right, and that he received the same information in the same way before making the second and third payments. These conversations were denied by the agent. Respondent testified that shortly after the building started Getts told him he had applied for the bond and paid for it. When the house was practically completed, Getts on demand offered to give the bond to respondent if he would go to his house and get it, but told him it would do him no good, as neither Getts nor his partner had signed it. Appellant retained the premium for seven or eight months until after the building was completed when it returned the premium to Getts' attorney, who redelivered the bond to the appellant.

The outstanding thought engendered by the record is that appellant from the time the bond was executed until the

completion of the building and knowledge of the contractors' default treated the bond as an existing obligation.

Delivery is essential to the validity of a bond, but "there is no precise or set form in which the delivery must be made; it is sufficient if it is made by any acts or words which show an intention on the part of the obligor to perfect the instrument and to make it at once the property of the obligee; and this may be accomplished, although the bond does not come into the actual possession of the obligee. The strict rules relating to delivery of deeds do not apply to bonds." (9 C. J. 16–18.)

Appellant strenuously contends that there is no analogy between a surety bond and an insurance policy so as to bring the former within the rules relating to insurance policies as stated in *Marysville Mercantile Co. v. Home Ins. Co., Ltd.*, 21 Ida. 377, 121 Pac. 1026, which discusses the effect of retention of an insurance policy in the hands of the local agent without actual transfer to the insured.

In *Hensley v. School Dist.* (Kan.), 154 Pac. 253, the court says: "But here the surety is a corporation engaged in assuming such obligations for pay. It is practically an insurance company." In general the contracts of surety companies are essentially contracts of indemnity and the courts ordinarily apply to them by analogy the rules of construction applicable to contracts of insurance. (21 R. C. L., sec. 200, pp. 1160, 1161; *Royal Indemnity Co. v. Northern Ohio Granite & Stone Co.*, 100 Ohio St. 373, 126 N. E. 405; 12 A. L. R. 382.)

While we are not called upon to construe the contract here, we see no sound reason for not applying in this case the same rules as to delivery which we would apply if the contract in question had been an ordinary insurance policy. It seems to us that if Getts after paying the premium had allowed the bond to remain in possession of the local agent and the agent had told respondent that the bond was in his possession and respondent relied thereon, the surety would have been in no position to rely on the nondelivery, but would have been in the same position as an ordinary fire

insurance company under like circumstances, as in *Marysville Merc. Co. v. Home Ins. Co., supra,* and similar cases. The jury were instructed that there could be no recovery unless they believed from the evidence that the bond had been delivered to respondent or to someone in his behalf by either the contractors or the bonding company, and on conflicting evidence the jury found for the respondent. In *St. Louis Brewing Co. v. Hayes,* 97 Fed. 859, 38 C. C. A. 449, it was held that when there is conflicting evidence as to the delivery, it is a question for the jury, and that formal delivery may be inferred from the acts of the parties. I think that the facts shown are sufficient to support a verdict based on the premise that there was a delivery of the bond and therefore that the judgment should be affirmed.

Budge, C. J., and Dunn and Wm. E. Lee, JJ., concur.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is affirmed, with costs to respondent.