[L. A. No. 8853. Department Two.—December 12, 1927.]

CONTINENTAL NATIONAL BANK OF LOS ANGELES (a Corporation), Appellant, v. THE REPUBLIC CASUALTY COMPANY (a Corporation) and SANTA ANA SCHOOL DISTRICT, etc., Respondents.

[1] Bonds—Building Contracts—School Buildings—Public Works Act—Statutory Bond.—In this action by the assignee of certain claims to recover upon a bond executed in connection with certain contracts for the construction of public school buildings, it is held that the bond in question is the statutory bond required by the "Public Works Act," approved May 10, 1919; and that its language, when liberally construed, is broad enough to include certain details which the statutory bond is required to embrace and assure.

---

(1) 35 Cyc., p. 960, n. 70.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Paul Barksdale D'Orr and A. L. Abrahams for Appellant.

Fredericks & Hanna for Respondents.

RICHARDS, J.—This is an appeal from a judgment of the superior court of the county of Los Angeles in favor of

the defendants in an action instituted by the plaintiff as assignee of certain claimants to recover upon a bond upon which the defendant The Republic Casualty Company was a surety, and which bond its principal, The National Construction Company, a corporation, caused to be executed in connection with certain contracts entered into between said construction company and the board of trustees of Santa Ana School District for the construction of two certain public school buildings in said district. After the execution of said bond and after the work of construction upon said buildings had proceeded for some time the plaintiff loaned to the contractor upon several occasions certain sums of money aggregating $11,600 for the purpose of assisting him in the performance of his contract. Thereafter the plaintiff further agreed to finance said contract, provided the contractor would turn over to it the warrants issued and to be issued to him by the school district as the work upon said buildings went on. The plaintiff also became the assignee of the claims of various materialmen and laborers who had furnished material or performed work upon the erection of one of said buildings, and the indebtedness thus accruing to it not having been paid by the contractor or by said district the said plaintiff commenced this action upon said contractor's bond for the recovery of the several amounts alleged to be due to it upon said claims. The trial court rendered judgment for the defendants, and in so doing made its findings of fact upon the hearing of said action, and with such findings of fact the appellant herein does not disagree, and for that reason has presented its appeal upon the judgment-roll alone. [1] The appellant, however, bases its appeal upon the alleged erroneous conclusion of law which the trial court deduced from said findings of fact, the appellant's chief and only substantial contention being that the conclusion of law of the trial court to the effect that ''the bond set forth in plaintiff's complaint and recovery on which is sought in this action against the surety, defendant The Republic Casualty Company, is the statutory bond required by the act approved May 10, 1919, and known as the 'Public Works Act.' '' The appellant herein in order to perfectly clarify the question presented upon this appeal concedes that if the foregoing conclusion of the trial court ''is sound . . . then the judgment must be affirmed; but, if

not, the judgment should be reversed and a new judgment ordered in favor of the plaintiff and against the defendant The Republic Casualty Company.'' The reason why the said bond, if it is held to be the statutory bond referred to in the trial court's aforesaid conclusion of law, is ineffectual as binding upon the surety is to be found in the findings of fact with which the appellant agrees and wherein it appears that at the time of the transfer of the claims to it upon which its action as the assignee thereof is predicated, the assignors thereof had not so far perfected their said claims as to entitle them to make assignments of the same, or as to entitle the plaintiff as the assignee thereof to recover upon said bond as a statutory bond. It is, however, the contention of the appellant that said bond, though not a statutory bond, is a common-law bond and should have been held by the trial court in its conclusions of law to be such, in which event the plaintiff would have been entitled to a recovery upon its said assigned claims. We are of the opinion that the trial court was correct in holding the bond in question to be the statutory bond required by the provisions of the statute to which its conclusion of law refers. The findings of fact of the trial court show that said bond and the contract to which it relates were delivered together as parts of one and the same transaction; that the bond in question was such a bond as was referred to and required by the specifications under which the contract was awarded; that the bond is in the proportion of the amount of the contract which the statute requires; that the bond was given to and accepted by the school board at the time and in the manner required by the statute; that the law requires said school board to exact from the contractor such a bond, and that in the exaction thereof said school board performed its mandatory duty under said law; that the school board accepted said bond as being the bond required by statute and thereafter did certain acts which it was expressly forbidden to do until such bond had been filed; that said bond in the formalities of its execution and in its essential and material provisions embraces the requirements of the statute as to what must be included in such statutory bond. From the foregoing undisputed facts the conclusion is irresistible that it was the intention of all of the parties to the transaction in the course of which such bond was given that it

should be, and be considered as, the statutory bond which the law in question required. It is, however, the contention of the appellant that said bond is not to be treated as a statutory bond for the reason that it omits from its requirements certain of the obligations which the statutory bond was required to embrace and assure. We are of the opinion that this contention is without substantial merit for two main reasons; the first of which is that while the bond does not enter into the detail of its assumed obligations in certain particulars required by the statute, its language, when liberally construed, is broad enough to include these details; and the second reason is that supplied by certain recent decisions of this court and the district court of appeal which to our minds furnish sufficiently identical requisites in bonds of this character to render such decisions decisive of the instant case. We are unable to distinguish between this case and the case of *Stone* v. *Shackelford*, 64 Cal. App. 750 [222 Pac. 846], wherein a bond given in pursuance of the Public Works Act, under which the bond in question here was given, and being literally identical as to its binding clauses with the bond herein, was held to be a statutory bond. Neither are we able to discover a basic distinction between the bond here under review and that considered and held to be a statutory bond in the case of *Miles* v. *Baley*, 170 Cal. 151 [149 Pac. 45]. The cases of *Pacific Wood & Coal Co.* v. *Oswald*, 179 Cal. 712 [178 Pac. 854], and *Sherman* v. *American Surety Co.*, 178 Cal. 286 [173 Pac. 161], are also instructive and controlling in reaching the conclusion that the bond in question here is in substantial compliance, as to the very matters which form the basis of the appellant's criticism, with the terms of the statute which prescribes the form and substance of such bond. We are, therefore, of the opinion that the trial court was entirely correct in its conclusion of law holding the bond here under review to be a statutory bond and hence was also correct in its judgment denying the plaintiff any relief in its action thereon.

The judgment is affirmed.

Shenk, J., and Langdon, J., concurred.