[S. F. No. 12355. Department Two.—May 17, 1928.]

J. T. MITCHELL, Respondent, v. EARL LYSLE SMITH et al., Defendants; MARYLAND CASUALTY COMPANY (a Corporation), Appellant.

John Ralph Wilson for Appellant.

H. Raymond Hall and George M. Naus for Respondent.

LANGDON, J.—This is an appeal by the defendant Maryland Casualty Company from a judgment for $5,434 against it upon a surety bond.

The appeal is upon the judgment-roll alone and the contentions made are that the complaint does not state a cause of action and the findings do not support the judgment.

The facts, as disclosed by the findings, are, briefly: That prior to December 17, 1924, defendant E. L. Smith was the owner of the stock of the Foss-Smith Company and was an officer thereof and also the general manager and in direct control of the entire business of said corporation; that during all the times mentioned in the findings, the defendants John

C. Platt and E. L. Smith were agents of the Foss-Smith Company, a corporation, acting in the full scope of their employment and the regular course of business of said corporation. The appellant was authorized to engage in doing a general surety business in the state of California and did, on or about the thirtieth day of October, 1924, execute and deliver to the commissioner of corporations of the state of California a bond in the form prescribed by him and as required by the Corporate Securties Act of the state of California [Stats. 1917, p. 673], and amendments thereto [Stats. 1923 p. 87, Stats. 1925, p. 962]; that said bond was for the sum of $5,000, defendant E'. L. Smith being the principal therein and the Maryland Casualty Company being the surety therein; that said bond and the said surety guaranteed the faithful compliance with, and observance of, all the provisions of law on the part of the said E. L. Smith and his agents and provided that upon failure to comply with the provisions of law in so far as the same may apply to any and all transactions carried on by said principal as such broker, the said principal and surety should be liable to any and all persons who may suffer loss by reason thereof; that said bond was canceled on November 18, 1924, being wholly superseded for all purposes for which it had been executed and delivered by a bond executed and delivered on said eighteenth day of November, 1924, to the commissioner of corporations of the state of California, which said bond was for the sum of $5,000, which latter bond contained substantially the same provisions as the prior one. Said bond, executed and delivered on the eighteenth day of November, 1924, remained in full force and effect during all of the month of December, 1924, and was, thereafter, continued in full force and effect by a continuation certificate executed by said Maryland Casualty Company and filed with the commissioner of corporations of the state of California.

During the year 1924 the defendants Foss-Smith Company, E. L. Smith, and John C. Platt entered into a conspiracy to obtain possession of and convert to their own use certain personal property then in the possession of and belonging to plaintiff; that said personal property consisted of 1,400 shares of preferred stock in the Union Mortgage Company of California and 1,200 shares of common stock in said company, for which stock plaintiff had paid, on or

about the twenty-seventh day of May, 1924, the sum of $20,000; that pursuant to said conspiracy the defendants E. L. Smith and John C. Platt went to the home of plaintiff in Oakland, Alameda County, on or about the twenty-fourth day of December, 1924, and then and there represented to plaintiff that his stock hereinabove described had greatly depreciated in value and that if he were to sell it in the open market he would lose $11,000 on it, but that if he would allow them and the said Foss-Smith Company to sell the said stock for him, that they could and would, and they promised to get back for him all the money which he had paid for said stock, to wit, $20,000, and that he would not be out even a commission for their services in making such sale; that none of said defendants had any intention of fulfilling said promises or of ever returning to plaintiff any of his said stock or anything of value received by said defendants, or any of them, from the sale or transfer thereof; that plaintiff, who is an old and infirm man past seventy, and with practically no experience in such matters, fully believed all of said representations, and that said Foss-Smith Company was a reliable and responsible firm engaged in the stock and bond business, and that the defendants E. L. Smith and John C. Platt were reputable, honest, and responsible men, and placing full trust and confidence in said defendants, and the Foss-Smith Company, and solely by reason thereof, and of their representations aforesaid, and their agreement to sell the said stock for him and get him all his money back out of the stock, he deposited with said defendant Foss-Smith Company, at its office in the First National Bank Building, Oakland, on or about December 24, 1924, all of his said stock and the certificates therefor; that all of the representations and acts of the defendants Foss-Smith Company, E. L. Smith and John C. Platt as aforesaid were made and performed pursuant to and as a part of the conspiracy entered into between said defendants, as aforesaid, and were all done with the full knowledge and consent of said defendants and with the sole intention on the part of said defendants of deceiving and defrauding said plaintiff and of depriving him of his said stocks and of embezzling and converting the same and the proceeds thereof to their own use; that the said defendants Foss-Smith Company, E. L. Smith and John C.

Platt, after obtaining possession of said personal property, as aforesaid, did then and there, at said city of Oakland, county of Alameda, on or about the twenty-fourth day of December, 1924, wilfully, unlawfully, and fraudulently embezzle, convert, and appropriate the same to their own use contrary to their trust as such agents of said plaintiff, to plaintiff's great damage; that prior to the first day of January, 1925, the said defendants Foss-Smith Company, E. L. Smith, and John C. Platt, pretending to be the owners of said stock, fraudulently and with intent to embezzle and convert the proceeds thereof, sold and transferred said stock, which had been entrusted to them by plaintiff, and converted and embezzled the proceeds thereof; that shortly thereafter the defendants John C. Platt and E. L. Smith disappeared and their whereabouts is still unknown; that concurrently with their disappearance the office of Foss-Smith Company closed; that, thereafter, and on or about the nineteenth day of January, 1925, and also prior to the commencement of this action, said plaintiff demanded of the defendants Foss-Smith Company, E. L. Smith and John C. Platt the return of the personal property hereinbefore described, but that the said defendants, and each of them, failed and refused to return same or any part thereof; that no part of said stock, or the proceeds thereof, or anything of value, has been paid or turned over to plaintiff by the defendants herein, or any of them, and that said defendants have failed and refused to make any accounting to plaintiff of said stocks or the proceeds of the sale or transfer thereof.

The conversion of the stock occurred while the Corporate Securities Act with the amendments of 1923 was in force and effect. Therefore, the provision of said law applicable here is: ''Said bond shall be conditioned upon the faithful compliance with the provisions of law by said applicant and by all agents representing the said applicant, and shall provide that upon failure to so comply the applicant shall be liable to any and all persons who may suffer loss by reason thereof.'' That provision has been construed in the recent case of *Blumenthal* v. *Larson,* 79 Cal. App. 726 [251 Pac. 241], to mean that a surety is liable for a failure on the part of the broker to comply with the provisions of law set out in the Corporate Securities Act of 1923, and not upon his failure to comply with all the general laws.

The case presented by the record is certainly one to appeal to the sympathies; and the need for protection to one in plaintiff's situation was evidently brought to the attention of the legislature which enacted, in 1925 [Stats. 1925, p. 962], an amendment to the Corporate Securities Act which added to the liabilities of the surety, upon a bond given thereunder, that of guaranteeing the honest and faithful application of all funds received and the faithful and honest performance of all obligations and undertakings in the purchase or sale of securities by said broker, etc. Unfortunately, for plaintiff, this provision of the Corporate Securities Act was not in force and effect at the time the wrong was committed against him.

The decision of *Blumenthal* v. *Larson, supra,* is conclusive against plaintiff's right to recover under the facts pleaded and found; and the judgment must be reversed.

It is so ordered.

Shenk, J., and Richards, J., concurred.