[Civ. No. 6949. First Appellate District, Division Two.—September 7, 1929.]

HARRIET GILES, Appellant, v. R. N. WELLING, Defendant, and THE AETNA CASUALTY AND SURETY COMPANY (a Corporation), Respondent.

Daniel A. Ryan and Geo. F. Snyder for Appellant.

Redman, Alexander & Bacon for Respondent.

KOFORD, P. J.—The plaintiff appeals from a judgment which was given in favor of defendant upon a motion for judgment upon the pleadings made upon the ground that the complaint did not state a cause of action. The complaint declared upon a broker's bond executed by respond-

ent, The Aetna Casualty and Surety Company, for defendant Welling, on May 7, 1925, pursuant to the Corporate Securities Act. The bond was, therefore, given pursuant to the provisions of that act as it existed prior to the amendment of 1925, which was approved May 23, 1925 (Stats. 1925, p. 962), and which took effect ninety days after the legislature adjourned. The complaint alleged that plaintiff in May, June and July, 1925, employed defendant Welling to sell for her ''certain stocks and bonds,'' and to re-invest the proceeds thereof; that said defendant sold said securities and out of the proceeds thereof kept $7,000 and fraudulently failed and refused to re-invest said sum or to return said sum to plaintiff upon demand.

The motion for judgment upon the pleadings was properly granted because the complaint did not state a cause of action upon the broker's bond. All the points raised by appellant have been directly passed upon by the decisions of the Supreme Court and the District Courts of Appeal. The broker's bond given pursuant to the Corporate Securities Act, as it existed prior to the amendment of 1925, has been held not to cover cases of breach of contract, conversion or misappropriation. (*Mitchell* v. *Smith,* 204 Cal. 197 [267 Pac. 540]; *Blumenthal* v. *Larson,* 79 Cal. App. 726 [251 Pac. 241]; *Anthony* v. *Van,* 96 Cal. App. 523 [274 Pac. 563].)

Appellant also contends that her claim for the return of the money did not arise until the date of her demand, which date is alleged in her complaint to be August 5, 1925, which is subsequent to the effective date of the amendment of 1925; but that fact would not bring her cause of action upon the bond under the amendment, because the bond was drawn under and worded according to the act as it existed prior to said amendment. (*Anthony* v. *Van, supra.*)

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.