[Civ. No. 5759.   Second Appellate District, Division One.—December 15, 1930.]

WM. J. SUMMERBELL, Appellant, v. J. H. WELLER et al., Respondents.

Ernest B. Coil for Appellant.

McClure, Griffin & Yokum for Respondents.

CONREY, P. J.—Judgment was entered in favor of the defendants, pursuant to an order sustaining demurrers to second amended complaint without leave to amend complaint.

The undertaking (exhibit "A" of the second amended complaint) is the statutory bond required by section 1 of the Public Works Act (Stats. 1919, p. 487), enacted to secure the payment of claims of persons employed by contractors upon public works, etc. (*Continental Nat. Bank* v. *Republic Casualty Co.*, 202 Cal. 586 [262 Pac. 300]; *Stone* v. *Shackelford*, 64 Cal. App. 750 [222 Pac. 846].)

It is contended by respondent United States Fidelity & Guaranty Company that the record shows that the action was commenced after expiration of the ninety-day period in which such action may be filed as provided and limited by section 2 of said Public Works Act of 1919, and that for this reason there was no cause of action on the bond. On the other hand, appellant contends that, since he filed his verified statement of claim within the time and within the manner provided by the statute, he was not limited to ninety days after the expiration of the period allowed for filing statement of claim, but might bring his action on the undertaking within a reasonable time thereafter. In this case the action in fact was not commenced until about eighteen months after filing the plaintiff's verified statement of claim with the trustees of the school district for which the building was erected. We are of the opinion the contention made in behalf of the surety should be sustained. In a recent decision the Supreme Court has held that the language "within ninety days following the expiration of the period" (for filing claims), as set forth in said Public Works Act, means "not beyond the ninetieth day after such period". (*Williamson* v. *Egan*, 209 Cal. 343 [287 Pac. 503].)

In the foregoing statement of the case we have ignored the fact that the complaint counts upon a second undertaking in the form of a bond to owner in a sum

equal to twenty-five per cent of the contract price, and conditioned for faithful performance of the contract. In view of the requirement and existence of the separate statutory bond herein before described we think that the plaintiff has no right of action on the "faithful performance" bond to owner. (*Maryland Casualty Co.* v. *Shafer*, 57 Cal. App. 580 [208 Pac. 192].)

The demurrers of defendants Weller and Lindholm should have been overruled. A cause of action was stated against them, for breach of their contract to pay for the materials furnished to them by the plaintiff.

The judgment in favor of defendant United States Fidelity & Guaranty Company is affirmed. The judgment in favor of defendants Weller and Lindholm is reversed.

Houser, J., and York, J., concurred.