[Civ. No. 6375. Second Appellate District, Division One.—March 9, 1931.]

EMMILIE KENNEPOHL, Respondent, v. CARY & COMPANY (a Copartnership) et al., Defendants; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (a Corporation), Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Appellant.

J. J. Hughes for Respondent.

YORK, J.—The defendant Cary & Company, a copartnership, was organized in the late fall of 1924. On January 1, 1925, pursuant to paragraph 3, section 5, Corporate Securities Act, as amended in 1923 (Stats. 1923, p. 90), Cary & Company, as principal, and the appellant indemnity company, as surety, executed and delivered a bond to the state of California in the penal sum of $5,000. This bond was executed in connection with the issuance by the corporation commissioner, of a license authorizing Cary & Company to transact business as a securities broker. On June 25, 1925, the plaintiff entered into a transaction with an agent of the Cary Company, whereby she agreed to buy through said company, seventy-five shares of Pacific Diesel Company's stock at $9.25 per share, at the same time delivering to said company as security for payment of said stock, five shares of preferred stock and six shares of common stock of the Nicholls Grain and Milling Company. The complaint alleged that plaintiff never received the Pacific Diesel Company's stock and further that the Nicholls Grain and Milling Company stock was never returned to her. The trial court gave judgment against the surety company on its bond for the sum of $785, the value of the Nicholls stock.

The bond under consideration was executed pursuant to the provisions of paragraph 3, section 5, Corporate Securities Act, as amended in 1923 (Stats. 1923, p. 90), to the effect that "upon failure to comply with the provisions of law in so far as the same may apply to any and all transactions carried on by said principal as such broker, the said prin-

cipal and surety shall be liable to any and all persons who may suffer loss by reason thereof''.

In 1925, the legislature enacted an amendment to paragraph 3, section 5 of the Corporate Securities Act (Stats. 1925, pp. 962, 967), which added to the liabilities of the surety, upon a bond given thereunder, that of guaranteeing the honest and faithful application of all funds received, and the faithful and honest performance of all obligations and undertakings in the purchase or sale of securities by said broker, etc., and the respondent in support of the judgment of the trial court, maintains that the transaction here involved is governed by the provisions of the said 1925 amendment.

The 1925 amendment to the Corporate Securities Act was approved on May 23, 1925, and took effect ninety days after the legislature adjourned, to wit: July 24, 1925. It would appear, therefore, that the 1925 amendment to the Corporate Securities Act does not apply to the situation now before this court, for the reason that the bond was executed and the transaction complained of took place prior to the effective date of the 1925 amendment.

''The broker's bond given pursuant to the Corporate Securities Act, as it existed prior to the amendment of 1925, has been held not to cover cases of breach of contract, conversion or misappropriation. (*Mitchell* v. *Smith*, 204 Cal. 197 [267 Pac. 540] ; *Blumenthal* v. *Larson*, 79 Cal. App. 726 [251 Pac. 241] ; *Anthony* v. *Van*, 96 Cal. App. 523 [274 Pac. 563].)'' (*Giles* v. *Welling*, 100 Cal. App. 515, 516 [280 Pac. 539].)

In view of the cases above cited, we are of the opinion that the amended complaint does not state facts sufficient to constitute a cause of action against the appellant surety company. Having reached this conclusion, we deem it unnecessary to discuss the other points raised by appellant.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.