## KELLY v. WARD et al.
### No. 18706.

District Court, N. D. California, S. D.
May 20, 1932.

J. F. Riley, of San Francisco, Cal., for plaintiff.

John Ralph Wilson, of San Francisco, Cal., for defendant Maryland Casualty Co.

KERRIGAN, District Judge.

This is an action brought against D. H. Ward, a real estate broker in California during the times mentioned in the complaint, and the Maryland Casualty Company, which had bonded Ward for the years 1926, 1927, and 1928 under the Real Estate Brokers' License Act (St. Cal. 1919, p. 1252, as amended), to recover certain sums of money collected for plaintiff by Ward and embezzled by him. Ward has not been located, and the surety company alone defends the action. There are twenty-one causes of action all similar in general character. Ward negotiated a series of loans for plaintiff in his capacity of real estate broker. The loans were to different property owners for relatively small amounts. They were secured by deeds of trust or mortgages to plaintiff, in some of which Ward was named as trustee. Plaintiff employed Ward to make collections on these loans. He collected some in full and some in part, retaining in all but one instance the full amount collected, paid the interest thereon to plaintiff, so that plaintiff would be unaware of the collections having been made, and in some instances where the loan had been paid in full executed reconveyances to the borrowers. Each cause of action sets up one such transaction. I find that the evidence supports the allegations of each of the several causes of action as to the amount and date of the loan negotiated, the amount and date of the collections, the appropriation by Ward of the collections, and the execution of the reconveyance. It is contended that there is no proof as to when the appropriation of the money to his own use was made by Ward. As to that I find that the respective appropriations were made on or about the date that the complaint alleges the corresponding collections were made, and that all appropriations occurred during the life of the several bonds upon which suit is brought. If the defalcations of Ward were committed by him as a real estate broker under the statute as it existed when the several bonds were execut-

ed, defendant would be liable therefor to the full amount of the total of the bonds.

■ I believe, however, that plaintiff may not recover against the Maryland Casualty Company because these collections were not made by Ward in his capacity of real estate broker but in his capacity of agent and trustee of plaintiff. The bonds in question are required by statute to be and are "conditioned for the faithful performance by such broker of any undertaking as a licensed real estate broker under this act." Real Estate Brokers' License Act of 1919, § 9a, as added in 1923, Cal. St. 1923, p. 96. In fact, most of these loans were negotiated before the year in which the embezzlements occurred. Section 2 of the Act of 1919 as amended in 1925 (Cal. St. 1925 at page 600) provided that a real estate broker is a person who, for compensation, among other things, negotiates loans on real estate. There is no reference to making subsequent collections on the loans or acting as trustee under deeds of trust executed as security therefor.

■ Plaintiff contends that bonds executed by compensated sureties should be liberally construed against the surety upon the same broad principle of liberal construction used in interpreting insurance contracts. This is in general true, but in California bonds required to be given by statute are strictly construed to cover only acts done in the capacity covered by the statute. In the case of Nickals v. Stanley, 146 Cal. 724, 81 P. 117, the defendant sureties had given a bond for an administrator of an estate as required by statute. The administrator had appropriated to the payment of the debts of the estate the proceeds of an insurance policy which was payable to the administrator for the benefit of the widow of the deceased. It was held that the administrator did not receive the money in his capacity of administrator, but in his private capacity of agent or trustee, and the bond company was not liable for his wrongful acts in converting the property of the widow to the use of the estate. Similarly brokers' bonds given under the Corporate Securities Act (St. Cal. 1917, p. 673, as amended) have been construed to cover only breaches of the law within the scope of the Corporate Securities Act. Blumenthal v. Larson, 79 Cal. App. 726, 251 P. 241; Anthony v. Van, 96 Cal. App. 523, 274 P. 563; Mitchell v. Smith, 204 Cal. 197, 267 P. 540.

■ I do not believe that plaintiff's contention that defendants' promise to investigate the circumstances of the defalcation consti-

tuted in any sense an admission of liability or an estoppel to later deny liability. An investigation of facts by an insurance or bonding company is merely for the purpose of enabling the company to determine whether it will admit or deny liability, and, in the absence of other factors, constitutes no estoppel.

These general findings sufficiently show the grounds upon which the case is decided. Therefore the motions for special findings made by the respective parties are denied and exceptions are allowed.

Let judgment be entered for defendant, with costs.