[Civ. No. 7910. Second Appellate District, Division Two.—September 5, 1933.]

THE LAMSON COMPANY, INC. (a Corporation), Appellant, v. H. F. JONES, Defendant; CENTRAL SURETY AND INSURANCE CORPORATION (a Corporation), Respondent.

Derthick, Cusack & Ganahl and W. J. Cusack for Appellant.

Haight, Mathes & Sheppard and Burke Mathes for Respondent.

ARCHBALD, J., *pro tem.*—Action by plaintiff against a contractor and his surety to recover balance of agreed price of materials furnished and installed by plaintiff in a public service building erected by defendant Jones, as general contractor, under a contract with the city of Glendale. The work was fully completed May 20, 1929, and complaint was filed January 9, 1931. A demurrer filed by defendant Central Surety and Insurance Corporation on the ground that the action was barred by section 2 of the Act of May 10, 1919, amended May 22, 1925 (Stats. 1919, p. 487; Stats. 1925, p. 539), was sustained by the court with leave to amend. A similar demurrer was also interposed by said defendant to the amended complaint filed by plaintiff, which demurrer was sustained without leave to amend and judgment thereafter entered dismissing the action as to the demurring defendant.

Plaintiff has appealed, and contends that its complaint states a cause of action on the faithful performance bond given to the city of Glendale under the contract, even if the labor and material bond is a statutory bond and the action on it barred by said section.

The amended complaint alleges the execution of two bonds. The first binds said contractor and defendant surety company to the city of Glendale "and to all persons,

companies and corporations entitled to file claims under the act approved May 10, 1919, and amendments thereof''. The condition of the bond follows the language of the undertaking required to be filed under section 1 of such act, even to the provision of ''a reasonable attorney's fee to be fixed by the court'' in case suit is brought thereon, and is made by its terms ''to inure to the benefit of any and all persons, companies and corporations'' entitled to file claims under the act. No question remains, after reading the act and the bond, as to the instrument being a bond given in compliance with the requirements of the act. It is true the complaint does not allege that the penalty of the bond is ''in a sum not less than one-half of the total amount payable by the terms of the contract'', but we may certainly assume that the pleader would so have alleged if anything appearing on the face of the undertaking was not in conformity with the act, and ''it must be presumc¹ that the pleader stated his case in the most favorable manner to himself'' (*Smelser* v. *Deutsche etc. Kirche*, 88 Cal. App. 469, 473 [263 Pac. 838, 839]).

 Section 2 of the act referred to provides in substance that suit on the bond may be brought ''at any time after the claimant has ceased to perform labor or furnish material, or both, and until the expiration of six months after the period in which verified claims may be filed as provided herein''. The amended complaint shows on its face that the work was fully completed May 20, 1929. Section 2 also provides that claims may be filed under the act at any time prior to the expiration of the period within which claims of lien must be filed for record under section 1187 of the Code of Civil Procedure, or at the utmost ninety days from date of completion. Here the complaint was not filed until nearly eleven months after the six months' period had expired. The right of action on the labor and material bond was clearly barred.

 Appellant urges that it has a right of action on the faithful performance bond exacted of the contractor under the contract and which was also furnished by respondent. Such bond runs to the city of Glendale only, and there is no provision therein which runs to the benefit of labor and materialmen. It is well settled that where a separate bond has been filed complying with the statute and inuring to

the benefit of laborers and materialmen, no recovery can be had by a laborer or materialman upon the faithful performance bond executed in connection with the same contract which does not by its terms inure to his benefit. (*Maryland Casualty Co.* v. *Shafer*, 57 Cal. App. 580 [208 Pac. 192]; *Summerbell* v. *Weller*, 110 Cal. App. 406 [294 Pac. 414].)

Judgment affirmed.

Works, P. J., and Craig, J., concurred.