STONE *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.

1. LICENSES—CONSTRUCTION OF BLUE SKY LAW—FRAUD.
   The blue sky law should be liberally construed so as to prevent fraud, deception and imposition on purchasers of securities (2 Comp. Laws 1929, § 9771).

2. SAME—BONDS—MISAPPROPRIATION BY DEALER.
   Bond given by applicant for license under blue sky law conditioned by statute upon a faithful compliance with the act was breached by dealer's misappropriation of proceeds of bonds left with him for sale and investment of proceeds in designated securities (2 Comp. Laws 1929, §§ 9789-9795).

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 25, 1934. (Docket No. 127, Calendar No. 37,780.) Decided June 4, 1934.

Assumpsit by Frank A. Stone against Indemnity Insurance Company of North America, a Pennsyl-

vania corporation, on a securities broker's indemnity bond. Judgment for plaintiff. Defendant appeals. Affirmed.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*Dunham & Sherk* (*Lloyd H. Cully,* of counsel), for defendant.

BUTZEL, J. Frank A. Stone delivered certain bonds to Karl J. Heinzelman, a broker doing business in Grand Rapids, Michigan, as K. J. Heinzelman & Company, expressly directing him to sell them and invest the proceeds in other designated securities. Heinzelman sold the bonds, but misappropriated the proceeds. The present action, and other companion suits, were brought against the Indemnity Insurance Company of North America, a Pennsylvania corporation, as surety on a $10,000 bond given by Heinzelman as principal in accordance with 2 Comp. Laws 1929, § 9790, a section of Act No. 220, Pub. Acts 1923, as amended, known as the blue sky law. The embezzlement and the amounts thereof are admitted, but defendant claims that the purpose of the bond is solely to prevent dealings in securities not validated by the Michigan securities commission in accordance with the blue sky law. The case was tried without a jury and judgment rendered against the defendant.

The questions raised in the court below are again presented on appeal. Notwithstanding our holdings in the cases of *Timmerman* v. *Hartford Accident & Indemnity Co.,* 243 Mich. 338; *Dunnette* v. *Henry L. Doherty & Co.,* 252 Mich. 597; *Timmerman* v. *Bultman,* 253 Mich. 99; *Schroetenboer* v. *Bultman,* 253 Mich. 108; *Nienhuis* v. *Bultman,* 253 Mich. 109, and *Green* v. *Fidelity & Casualty Co. of New York,* 261

Mich. 508, appellant claims that they are not determinative of the instant case, either because the precise question was not raised, or because the conditions in indemnity bonds were much broader in scope than the one in the bond upon which this suit is brought. It provided that K. J. Heinzelman & Company and all of their registered salesmen would faithfully comply with the provisions of Act No. 220, Pub. Acts 1923, as amended (2 Comp. Laws 1929, § 9769 *et seq.*), known as the blue sky law. Appellant largely relies upon the case of *Blumenthal* v. *Larson,* 79 Cal. App. 726 (251 Pac. 241), referred to with approval in *Mitchell* v. *Smith,* 204 Cal. 197 (267 Pac. 540). Both of these cases were expressly decided on the basis of the "blue sky" law of California in effect at the time that the liability of the brokers arose, and the refusal of the court to permit a recovery against the sureties was based on the fact that the statute under which the bond was given was enacted solely for the purpose of preventing the sales of unapproved corporate stock. In *Blumenthal* v. *Larson, supra,* attention was called to the case of *Zapf* v. *Ridenour,* 198 Iowa, 1006 (200 N. W. 618), where the surety was held liable under a statute broader in its scope. In *Mitchell* v. *Smith, supra,* the court particularly pointed out that the case was decided in accordance with the law prior to the enactment of the amendment to the corporate securities act in 1925, which amendment extended the liability of the surety upon a bond given thereunder to include responsibility for the honest and faithful performance of all obligations, etc., by the broker. See *Nittler* v. *Continental Casualty Co.,* 94 Cal. App. 498 (271 Pac. 555, 272 Pac. 309).

Considerable variance will be found both in the purport and the language of the blue sky laws of the

various states. The blue sky law of Michigan (Act No. 220, Pub. Acts 1923, as amended) not only regulates and supervises the issuance, sale and disposition of securities, but also licenses and regulates the business of dealers and salesmen of securities. Section 3 of the act (2 Comp. Laws 1929, § 9771) states that the provisions of the statute should be liberally construed so as to prevent fraud, deception and imposition on purchasers of securities. Subdivision 2 of the act (2 Comp. Laws 1929, §§ 9789–9795), regulates the conduct of dealers and salesmen, and provides for the suspension or revocation of licenses under certain conditions. Section 9790 provides that every applicant for a license must give a $10,000 bond conditioned upon a faithful compliance with the provisions of the act, and further requires each applicant to satisfy the commission that his business has been or will be honestly conducted, that he is financially solvent, and that he has such reputation for honesty and integrity as will reasonably insure honest treatment of the public with whom such dealer transacts business. Section 24 of the act (2 Comp. Laws 1929, § 9792) cites as one of the reasons for suspension or revocation, "practices of any sort tending toward defrauding the public," and provides that "any act or omission by any licensed broker or salesman which is herein made a ground for suspension or revocation of the license shall be deemed a violation of this act and punishable accordingly." We cannot conceive of any practice tending more toward defrauding the public than the admitted conduct of the broker in this case. The misappropriation by the broker of funds which came into his hands under the express duty of applying them to the purchase of other securities for plaintiff was a direct violation of the statute, and constitutes

one of the acts against which the bond was intended to furnish protection.

Judgment against defendant is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.