[Civ. No. 18881.   First Dist., Div. One.   May 23, 1960.]

EVELYN OLSON, Appellant, v. GLENS FALLS INSURANCE COMPANY, INC. (a Corporation), Respondent.

Richard D. Comerford for Appellant.

Jones, Griswold & Henley and Bruce P. Griswold for Respondent.

DUNIWAY, J.—Appeal by plaintiff from a judgment in favor of defendant Glens Falls Insurance Company, Inc., after its demurrer to the complaint was sustained without leave to amend. We conclude that the complaint can be amended to state a cause of action.

Plaintiff's counsel has afforded no assistance to this court. He states in his brief "Frankly, counsel for appellant has not been enlightened by either the court below or opposing counsel concerning wherein the alleged failure of the Complaint to state a cause of action lies." This statement is made in the face of citation by defense counsel, in points and authorities in support of the demurrer, of Business and Professions Code, section 7398, and of *Bridges* v. *Price,* 95 Cal.App. 394 [273 P. 72], cited *infra.* Counsel, having been enlightened by respondent's brief, has not deigned to reply. Were it not that to do so would penalize the plaintiff for the inadequacy of the brief of her counsel, we would be disposed to dismiss the appeal. (*Cf.* Rules on Appeal, rules 13, 15, 17(a), 18.)

There are six causes of action alleged, each of which charges that "the defendants" did certain things. However, it is clear from the pleadings, and appellant agrees, that the only genuine cause of action, if any, against Glens Falls, is the third. This cause of action incorporates portions of the second and first causes of action by reference. In essence, it is alleged that plaintiff was enrolled as a student at San Jose Beauty College, Inc. (also known as Beauty Culture, Inc.), having paid $110 tuition, and while so enrolled was injured by dangerous chemicals to which she was exposed, these having been furnished for her use in the course of instruction. The first cause of action charges negligence on the part of the college, and claims damages of $25,000. The second incorporates all of the first, and charges that such negligence was a breach of the contract for instruction, stating: "Defendants also expressly and impliedly promised that said premises, facilities, tools, devices and materials could be utilized without danger to plaintiff." The third cause of action, the one here involved, incorporates the allegations of the first two causes, and then pleads, as an exhibit, a bond given by Glens Falls. We set out the pertinent portions of this bond in the margin. It is dated November 25, 1955.[1]

---

[1]"STATE BOARD OF COSMETOLOGY
"591 Business and Professional Building
"1020 N Street
"Sacramento 14, California

"COSMETOLOGICAL SCHOOL BOND

"Know All Men by These Presents:
"That . . . BEAUTY CULTURE, INCORPORATED . . . whose address is 37 WEST SAN CARLOS STREET, SAN JOSE, CALIFORNIA, as Principal, and

The bond was given pursuant to section 7398, Business and Professions Code, as in effect in 1955.[2]

---

GLENS FALLS INSURANCE COMPANY . . . a surety company authorized to do business in the State of California, as Surety, are held and firmly bound unto the State of California, for the use and benefit of every person who pays or deposits any money with the Principal as payment for any instruction in the school of the Principal hereinafter referred to, in the penal sum of FIVE THOUSAND AND No/100——Dollars ($5,000.00), for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, successors, and assigns, jointly and severally, firmly by these presents.

''The Condition Of The Above Obligation Is Such That:

''Whereas, The above bounden Principal has made application to the State Board of Cosmetology of the State of California for a certificate of registration to conduct a cosmetological school at the place named in the application, in accordance with the provisions of Division 3, Chapter 10, of the Business and Professions Code of the State of California, and is required by the provisions of said code to furnish a bond in the sum above conditioned as herein set forth.

''Now, Therefore, If the above bounden Principal shall well and truly comply with the provisions of Division 3, Chapter 10, of the Business and Professions Code of the State of California and shall well and truly comply with and faithfully perform all the terms and conditions, upon said Principal's part to be kept or performed, in any and all contracts, verbal or written, made by said Principal, to furnish instruction to any person, then this obligation shall be void; otherwise to remain in full force and effect.

''Each and every person who has paid or deposited any money with the said Principal, as payment for any instruction, and who sustains an injury covered by this obligation, may in addition to any other remedy that he may have, maintain an action in his own name upon this bond for the recovery of any damages sustained by him, together with his costs of suit and a reasonable attorney's fee. The aggregate liability of the Surety herein for all claims which may arise under this obligation shall not exceed the sum specified herein.''

[2] ''Surety bond by school to secure instruction contracts. [*Posting with board: Amount.*] Every school shall post with the board a good and sufficient surety bond executed by the applicant as principal and by a surety company as surety in an amount equivalent to one hundred dollars for each student regularly enrolled and regularly attending the school, but in no event shall the bond be in an amount of more than five thousand dollars or less than two thousand dollars.

'' [*Form and condition of bond: Bond to State: Continuance in force.*] The bond shall be in the form approved by the board and shall be conditioned upon compliance with the provisions of this chapter and upon faithful compliance with the terms and conditions of any and all contracts, verbal or written, made by the school to furnish instruction to any person. The bond shall be to the State of California in favor of every person who pays or deposits any money with the school as payment for any instruction. Every bond shall continue in force and effect until notice of termination is given by registered mail to the board and every bond shall set forth this fact.

'' [*Maintenance of action on bond: Judgment.*] Any person claiming to be injured or damaged by any act of the school may maintain an action on the bond against the school and the surety named therein, or either of them, for refund of tuition paid and any judgment against the principal or surety in any such action shall include the costs thereof and those incident to the bringing of the action, including a reasonable attorney fee.''

The prayer is for a judgment against Glens Falls for $5,000 plus medical and incidental expenses, loss of earnings, costs, and attorney's fees.

It is now well settled that a bond such as this is a statutory bond, not a common-law bond, and that such an undertaking "can be no broader than the terms contained therein, read in connection with the terms of the statute applicable thereto." (*Lamb* v. *National Surety Co.*, 108 Cal. App. 297, 303 [291 P. 647].) Moreover, such a bond is construed as being conditioned upon faithful compliance with the particular law under which it is given, not with the law in general. Liability on such a bond does not extend beyond the terms of the act. This rule was firmly established in a series of cases dealing with brokers' bonds given under the Corporate Securities Act. (*Blumenthal* v. *Larson* (1926), 79 Cal.App. 726 [248 P. 681, 251 P. 241] ; *Mitchell* v. *Smith* (1928), 204 Cal. 197 [267 P. 540] ; *Bridges* v. *Price* (1928), *supra*, 95 Cal.App. 394; *Anthony* v. *Van* (1929), 96 Cal.App. 523 [274 P. 563] ; *Hogberg* v. *Landfield* (1929), 99 Cal.App. 360 [278 P. 907] ; *Giles* v. *Welling* (1929), 100 Cal.App. 515 [280 P. 539] ; *Kennepohl* v. *Cary & Co.* (1931), 112 Cal.App. 413 [296 P. 897] ; *Burdette* v. *Maryland Cas. Co.* (1935), 8 Cal.App.2d 17 [47 P.2d 317] ; *White* v. *Financial Guarantee Corp.* (1936), 13 Cal.App.2d 93 [56 P.2d 550] ; *Lindstrom* v. *Palmer* (1942), 54 Cal.App.2d 257 [128 P.2d 877].) The same rule has been applied to bonds given under the Public Works Acts (*Miles* v. *Baley* (1915), 170 Cal. 151 [149 P. 45] ; *Evans* v. *Shackelford* (1923), 64 Cal.App. 750 [222 P. 846] ; *Continental Nat. Bank* v. *Republic Cas. Co.* (1927), 202 Cal. 586 [262 P. 300] ) ; to bonds given under the Real Estate Brokers Act (*Nittler* v. *Continental Casualty Co.* (1928), 94 Cal.App. 498 [271 P. 555, 272 P. 309] ; *Clark* v. *Patterson* (1931), 213 Cal. 4 [300 P. 967, 75 A.L.R. 1124] ) ; and to bonds of public officials (*Hartford Acc. etc. Co.* v. *City of Tulare*, 30 Cal.2d 832, 837 [186 P.2d 121] ).

The plaintiff is one of the persons for whose benefit the bond was given, being a student at the bonded school. But the statute and the bond both provide that it guarantees compliance by the school with division 3, chapter 10, of the Business and Professions Code, and performance by the school of contracts by the school to furnish instruction. A careful examination of chapter 10 (Bus. & Prof. Code, §§ 7300-7442, the Cosmetology Act) does not disclose any intent on the part of the Legislature to impose any liability, other than such

as may exist under the general laws of the state, upon a school of cosmetology for negligently injuring its pupils. Consequently, plaintiff must allege a breach of the contract for instruction if she is to recover upon the bond. This she has attempted to do in her second cause of action. However, she is clearly not entitled to the recovery that she seeks. The statute provides that the recovery is to be "refund of tuition paid" plus costs of suit, "including a reasonable attorney fee." This is the sole measure of the surety's liability to any pupil. ■ The evident purpose of the bond is to protect students against "fly-by-night" schools by assuring to them a return of tuition, plus the expense of obtaining such return, in the event that the promised course of instruction is not furnished. ■ We find nothing in the statute indicating that the bond was intended to be what plaintiff is seeking to have it be, namely, a policy of liability insurance. "In interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts." (Civ. Code, § 2837.) "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract." (Civ. Code, § 1648.) "Particular clauses in a contract are subordinate to its general intent." (Civ. Code, § 1650.) We conclude that the plaintiff can recover against Glens Falls only if she can show a breach of the contract of instruction, and that if she is entitled to recover, the liability of Glens Falls is limited to a return of the tuition paid by her, plus costs and a reasonable attorney fee.

■ While the amount involved ($110 plus an attorney fee) would be within the jurisdiction of the municipal court, joinder of this cause of action with others that are within the jurisdiction of the superior court is proper. (*Kane* v. *Mendenhall*, 5 Cal.2d 749 [56 P.2d 498] ; *Kaufman* v. *Pacific Indem. Co.*, 5 Cal.2d 761 [56 P.2d 504].)

■ The judgment is reversed, with directions to permit the plaintiff to amend, if she be so advised. Each party shall pay her or its own costs on appeal.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied June 20, 1960.